## UNITED STATES v. NEEDLEMAN et al.
### Criminal No. 41166.

District Court, E. D. New York.

Nov. 4, 1946.

---

[1] United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78.

[2] Thiel v. Southern Pacific Co., 66 S. Ct. 984.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Hyman H. Goldstein, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Henry G. Singer, of Brooklyn, N. Y., for defendants George Needleman and William Witkowitz.

BYERS, District Judge.

Motion by defendants George Needleman and William Witkowitz for a severance as to them and a separate trial, pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

The basis of the motion, as asserted, is that they will be prejudiced by a trial with their co-defendants Leonard Needleman and Seth Craig. The latter has pleaded guilty, so the required showing has to do with Leonard Needleman.

The indictment contains two counts: First, a conspiracy involving all defendants, to steal part of an interstate shipment of glassware consigned from Anchor Hocking Glass Corporation, of Salem, New Jersey, to Buitoni Products, Inc., in Brooklyn, New York, via Fowser Fast Freight Co., of Salem, New Jersey.

Second: The substantive crime of stealing that property while in interstate commerce.

Since all are charged with having participated in the same transaction, the joinder was proper according to the requirements of Rule 8 of the Federal Rules of Criminal Procedure.

These two defendants allege that, after his arrest, the defendant Leonard Needleman made a statement to the authorities in the form of a confession which also implicates them, and if that statement is offered and received in evidence, and even though the jury may be carefully and clearly charged that it is to be considered only as against Leonard, the jury will consciously or unconsciously disregard the instruction, and proceed to deliberate upon their verdict having in mind that one defendant has said that the other two acted in cahoots with him.

Such an attitude of mind has been deplored by several courts.

The question for decision is: Does this constitute a sufficient showing to require this court to grant the motion, in the exercise of a sound discretion, upon the ground that justice so requires?

I am unable to perceive that an affirmative answer must be given to the question.

In the first place, assuming that such a statement is in existence, there is no showing that it will be offered in evidence; if it should be, the trial judge would have to rule upon its admissibility in the light of all that has been written in the effort to prevent the Government from tendering such admissions if the slightest taint of duress attaches to their inception. To grant the motion would be in effect to decide that the alleged confession in this case is bound to be received in evidence, whereas the trial judge may rule otherwise; if he does, of course the argument for severance will prove to have been entirely without substance.

Pending that point in the trial, a ruling in favor of these defendants would be so premature as to constitute a denial of justice to the Government.

Since the joinder in indictment and for trial is entirely proper and within the contemplation of Rule 8, it follows from what has been written, that this motion presents nothing under Rule 14 which would justify the defendants' motion for a severance.

In so disposing of the matter, it is intended to project no suggestion whatever which might tend to influence the trial judge in the performance of his duties.

Motion denied. Settle order.