### MICIOTTO v. UNITED STATES.

### SIMCIC v. UNITED STATES.
#### Nos. 11290, 11291.

United States Court of Appeals District of Columbia Circuit.

Argued June 9, 1952.

Decided June 26, 1952.

Mr. Harry M. Rubin, Jr., Washington, D. C., with whom Mr. Nicholas J. Chase, Washington, D. C., was on the brief, for Alexander R. Miciotto.

Mr. R. Sidney Johnson, Washington, D. C., for Joseph M. Simcic.

Mr. William E. Kirk, Jr., Asst. U. S. Atty., with whom Messrs Charles M. Irelan, U. S. Atty., and Joseph M. Howard and Emory W. Reisinger, II, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

Each of the two appellants was convicted of statutory negligent homicide [1] after a joint trial in the Municipal Court. The appellants were charged in an information containing one count, the pertinent terms of which are set forth in the margin.[2] The Municipal Court of Appeals affirmed, 1952, 86 A.2d 98, and we allowed these appeals, consolidated for presentation in this court.

A bus driven by appellant Simcic and a car driven by appellant Miciotto collided. As a consequence of the collision a car driven by Heston Simon was struck by one or both of the vehicles driven by the appellants, and he was killed.

The questions are (1) whether Rule 7(b) of the Rules of the Municipal Court, Criminal Division,[3] authorized joinder in the circumstances stated; (2) whether, if so, the Rule is valid, and (3) whether it was an abuse of discretion to deny severance of trial.[4]

For the reasons set forth in the opinion of the Municipal Court of Appeals, supra,

---

1. The pertinent provision of the Code reads:

"Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless, or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, and shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000 or both." § 40–606, D.C.Code (1940).

2. "* * * that one Alexander R. Miciotto and Joseph M. Simic [sic] late of the District aforesaid, on the 20th day of June in the year of our Lord, one thousand nine hundred and 50 with force and arms, at the District aforesaid, and within the jurisdiction of this Court, did then and there operate a certain motor vehicle, to wit: an automobile and bus at an immoderate rate of speed and in such a reckless, careless and negligent

manner as to cause and did cause the death of one Heston Simon * * *."

3. "Two or more defendants may be charged in the information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions consisting of an offense or offenses." Rule 7(b), Rules of the Municipal Court for the District of Columbia, Criminal Division, effective Jan. 2, 1952. This section of the Rule is modeled after part of Rule 8(b), Fed. R.Crim.P., 18 U.S.C.A.

In the 1947 edition of the Rules of the Municipal Court, Criminal Division, this provision was contained in Rule 5(a), and it was so cited in the opinion of the Municipal Court of Appeals, supra.

4. Rule 7(e), Rules of the Municipal Court, Criminal Division, permits relief from prejudicial joinder. This section of Rule 7 is patterned after Rule 14, Fed.R.Crim. P.

953

we agree that the joinder was authorized by the Rule, that the Rule as so applied is valid, and that it was not an abuse of discretion to refuse separate trials. We accordingly affirm.

Affirmed.