## ROBINSON v. UNITED STATES.
### No. 11681.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 26, 1953.

Decided Jan. 28, 1954.

Mr. William H. Collins, Washington, D. C., for appellant.

Mr. John D. Lane, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time of argument, were on the brief, for appellee

Messrs. Charles M. Irelan, U. S. Atty., Martin J. McNamara and William R. Glendon, Asst. U. S. Attys., Washington, D. C., at time record was filed, also entered appearances for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant and one Ward, officers of the Uniformed Firemen's Federal Credit Union, were jointly indicted ·for offenses concerning the Union's funds and records. Count 1·charged that ·the de-

fendants conspired[1] to embezzle and misapply Union funds, conceal material facts, and make false statements and entries. Count 9 charged the defendants with drawing an unauthorized check.[2] Counts 11 and 12 charged appellant alone with embezzlement[3] and with making a false deposit entry.[4] Counts 2 to 8 inclusive and count 10 charged Ward alone with embezzlement and false entries.[5] Each defendant was convicted on all counts that named him. Ward did not appeal.

■■■ The statutes the defendants are charged with conspiring to violate cover various forms of misconduct either (1) concerning a credit association "authorized or acting under the laws of the United States"[6] or (2) "in any matter within the jurisdiction of any department or agency of the United States".[7] Count 1 fixed the time of the conspiracy as " * * * the period from about March 1, 1949, to about March 16, 1952". In March 1949 the Credit Union was operating as the Uniformed Firemen's Credit Union of the District of Columbia. It did not begin active operation under the Bureau of Federal Credit Unions until November 15, 1949. Appellant complains that the conspiracy charged was impossible when it was alleged to have commenced. But the federal charter was applied for in February 1949 and issued March 16, 1949. Such charters are not issued until the Bureau of Federal Credit Unions has approved an organization certificate submitted by the promoters.[8] At least as early as March 16, 1949 the Union was "authorized * * * under the laws of the United States" and was "within the jurisdiction" of an agency of the United States. There is no material variance between March 16 and "about March 1". Moreover the defendants may have conspired, when the federal charter was applied for, to violate the statutes when it was obtained.

■■■ Appellant contends that count 1 charged three different conspiracies and was therefore duplicitous. It did charge a single conspiracy to commit several closely related offenses. "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects'." Braverman v. United States, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23.

Nor was the indictment bad because it charged each of the two defendants with other crimes in addition to conspiracy. Rule 8(a) of the Federal Rules of Criminal Procedure [18 U.S.C.A.] authorizes charging two or more offenses in the same indictment "if the offenses charged * * * are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 8(b) authorizes charging two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count." These Rules cover this case.

■■■ The question remains whether the application of these Rules was so prejudicial to appellant that the court abused its discretion in not granting his motion to be tried separately from the other defendant. Rule 14 provides: "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder

1. 18 U.S.C. § 371.

2. 18 U.S.C. § 1001.

3. 18 U.S.C. § 657.

4. 18 U.S.C. § 1006.

5. 18 U.S.C. §§ 657, 1006.

6. 18 U.S.C. §§ 657, 1006.

7. 18 U.S.C. § 1001.

8. 48 Stat. 1217, 12 U.S.C.A. § 1754.

for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." This restates the common law rule,[9] that a motion for severance was addressed to the trial court's discretion, subject to review only for clear abuse. Wheeler v. United States, 82 U.S.App. D.C. 363, 165 F.2d 225; Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193; Lucas v. United States, 70 App.D.C. 92, 104 F.2d 225. The mere fact that appellant might have had a better chance of acquittal if tried separately from Ward does not establish his right to a severance. Simcic v. United States, D.C.Mun.App., 86 A.2d 98, 102; affirmed and opinion adopted, *sub nom.* Miciotto v. United States, 91 U.S.App.D.C. 102, 198 F.2d 951. Appellant contends that trial jointly with Ward was prejudicial because it led to the admission of three government exhibits containing extra-judicial statements by Ward that incriminated appellant as well as Ward.

██ We find no error or abuse of discretion. It is not necessarily error, even in a capital case, to allow the introduction of incriminating evidence that is incompetent as to one of the defendants, if appropriate instructions are given. Hall v. United States, supra. When each of the Ward exhibits was introduced the court warned the jury that it was evidence only against Ward and not against appellant. The court's charge to the jury repeated the warning.

██ Moreover, Ward's confirmatory testimony on the witness stand made his extra-judicial statements practically harmless. Count 1, the conspiracy count, charged six overt acts. Proof of one overt act in carrying out the conspiracy would support the conviction on this count. Hall v. United States, 10 Cir., 109 F.2d 976, 984; Williams v. United States, 6 Cir., 3 F.2d 933, 935. One of the acts charged is not mentioned in the exhibits, and Ward repeated on the witness stand the gist of what the exhibits say about four of the other acts. With respect to count 1, therefore, the claim of prejudice fails. The exhibits include an incriminating statement, which Ward did not repeat on the stand, with respect to the offense charged in count 9. But sentences of one to three years, to run concurrently, were imposed on counts 1 and 9. Since the sentence on count 1 is valid, we need not consider the validity of the concurrent sentence on count 9. Whitfield v. State of Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778; Hirabayashi v. United States, 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774; Wanzer v. United States, 1953, 93 U.S.App.D.C. ——, 208 F.2d 45. The exhibits do not refer to the acts charged in counts 11 and 12, on which the court imposed concurrent sentences of one to three years, consecutive with the sentences on counts 1 and 9.

██ Appellant complains that these and many other exhibits were sent to the jury room. This is a matter for the trial court's discretion. Buckner v. United States, 81 U.S.App.D.C. 38, 154 F.2d 317. We find no abuse. We think it immaterial that the court acted *sua sponte.*

We have considered appellant's other contentions and find no prejudicial error.

Affirmed.

9. Notes of Advisory Committee, Rule 14, F.R.Cr.P.