UNITED STATES

v.

Stanley J. BACHMAN, Jerome H. Bachman, Bernard Sidney Bachman, and Stanbern Aeronautics Corporation.

Cr. No. 306–58.

United States District Court
District of Columbia.

June 26, 1958.

William H. Collins, Washington, D. C., for defendants.

Oliver Gasch, U. S. Atty., Kevin T. Maroney, Marvin B. Segal, William A. Carey, Dept. of Justice, Washington, D. C., for the United States.

TAMM, District Judge.

The defendants in this case have filed a motion to dismiss the indictment and for other relief. The main contentions advanced by the defendants are:

1. That Count One of the indictment is duplicitous,

2. That there is a misjoinder of offenses and defendants,

3. That the counts of the indictment are vague and indefinite, and

4. That the Grand Jury acted illegally in indicting Bernard S. Bachman since it had required him to appear and give testimony.

Each of these points will be treated in order and separately.

*Point 1. Count One of the Indictment is Duplicitous.*

Briefly, Count One of the indictment charges the named defendants and others who are not defendants in this case with having "unlawfully, wilfully and knowingly" conspired to violate the National Firearms Act (T. 26 U.S.C. § 5801 et seq.) and certain rules and regulations thereunder, and the Federal Firearms Act (T. 15 U.S.C.A. § 901 et seq.) and certain rules and regulations thereunder, and as a conspiracy is alleged, this count is based on violation of T. 18 U.S.C. § 371. "Conspiracy to commit offense or to defraud United States." Count One then states in eight paragraphs the different parts of the conspiracy which parts, the Government contends, make up the whole of one offense—the conspiracy.

Eleven overt acts involving the defendants and others are also recited.

There is no doubt, or dispute, that each count of an indictment must contain no more than one offense, and if there are two or more separate and distinct offenses charged in one count, the indictment becomes subject to a motion to dismiss.

The defendants contend that Count One of the indictment which charges a conspiracy does not allege only one such conspiracy but rather a multiplicity of conspiracies and that thus the indictment should be dismissed. The Government contends that Count One charges one offense only, namely, the conspiracy.

As there is no dispute as to the applicable law, the solution must rest with an application of that law to the alleged facts in Count One. At the outset, it must be remembered that a conspiracy to commit a crime is a crime itself (T. 18 U.S.C. § 371) and is a separate offense from the crime that is the object of the conspiracy. Marx v. U. S., 8 Cir., 1936, 86 F.2d 245. Also, the fact that several crimes are alleged in a single count whch charges a conspiracy does not make the count duplicitous Braverman v. U. S., 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23, for "the conspiracy is the crime, and that is one, however diverse its objects." Frohwerk v. U. S., 249 U.S. 204, 210, 39 S.Ct. 249, 252, 63 L.Ed. 561.

In the case of Braverman v. U. S., supra, the defendants were indicted on seven counts, each count charging a conspiracy to violate a separate and distinct Internal Revenue law of the United States. The defendants contended that the proof did not establish more than one conspiracy and that the Government should, accordingly, elect one of the seven counts upon which to proceed. Counsel for the Government, however, contended that "the seven counts of the indictment charged as distinct offenses the several illegal objects of one continuing conspiracy, that if the jury found such a conspiracy it might find the defendants guilty of as many offenses as it had illegal objects and that for each such offense the two-year statutory penalty could be imposed." 317 U.S. at page 51, 63 S.Ct. at page 100. The case was submitted to the jury upon the theory advanced by the

Government. The jury returned a verdict, "guilty as charged," and the Court sentenced each defendant to eight years imprisonment. The case was affirmed by the Court of Appeals for the Sixth Circuit. The Supreme Court of the United States, in reversing the judgment of conviction for proper resentencing because of proof of but one conspiracy, stated: "Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one. The allegation in a single count to commit several crimes is not duplicitous for 'The conspiracy is the crime, and that is one, however diverse its objects'."

The defendants have placed much reliance upon the case of Kotteakos v. U. S., 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, to support their position. The situation in that case, briefly, was this:

Many groups of defendants having no connection with each other except that they all used one person, a Simon Brown, to handle fraudulent applications in obtaining loans, were indicted for a single general conspiracy to violate the National Housing Act, 12 U.S.C.A. § 1702 et seq. "As the Government puts it, the pattern was 'that of separate spokes meeting in a common center,' though we may add without the rim of the wheel to enclose the spokes." 328 U.S. at page 755, 66 S. Ct. at page 1243. But, when all the evidence was before the Court, at least eight different conspiracies had been proven— none of which had connection with the others. However, the trial court charged the jury that only one conspiracy was charged, "and to convict each of the defendants of a conspiracy, the Government would have to prove, and you would have to find, that each of the defendants was a member of that conspiracy. You cannot divide it up. It is one conspiracy, and the question is whether or not each of the defendants or which of the defendants, are members of that conspiracy." 328 U. S. at page 767, 66 S.Ct. at page 1249. The Government had admitted that separate and distinct conspiracies were shown but urged that this variance was not prejudicial to the defendants.

The Supreme Court, through Justice Rutledge, in reversing the judgments, stated that the charge constituted error because the evidence proved a number of conspiracies and such a charge substantially injured the rights of the defendants. The Court, quoting from the case of Berger v. U. S., 295 U.S. 78, 55 S.Ct. 629, 630, 79 L.Ed. 1314, wherein the Court held that the variance was not fatal where one conspiracy was charged and two were proved relating to contemporaneous transactions involving counterfeit money, stated: "The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused."

The Kotteakos case, supra, is not applicable to the present situation. The present case is in a pre-trial stage, whereas the Kotteakos case deals with a situation that arose at the conclusion of the trial where separate and distinct conspiracies were shown, although only one general conspiracy was charged. Thus, in the Kotteakos case the Court had the benefit of having all the evidence before it, but that is not the situation here.

In Duke v. U. S., 5 Cir., 1956, 233 F.2d 897, 899, the Court stated:

"In a conspiracy charge the conspiracy is the gist of the offense, and as a rule where, as here, it is claimed that there was more than one general conspiracy charged, the claim cannot be tested by a reading of the indictment, its testing must await the conclusion of the evidence. A mere reading of the indictment makes it plain, we think, that in refusing to dismiss it, the court did not err."

This Court concludes that Court One of the present indictment is not duplicitous.

*Point 2. There is a Misjoinder of Offenses and Defendants.*

*A. Misjoinder of Offenses.*

Rule 8(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. is as follows:

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

■ A reading of the indictment clearly shows that the offenses charged are based upon a series of connected acts and transactions that constituted parts of a common scheme. The offenses alleged in Counts Two and Three are related to the conspiracy charged in Count One. Thus, joinder of offenses in this indictment is completely proper. Robinson v. U. S., 93 U.S.App.D.C. 347, 210 F.2d 29.

*B. Misjoinder of Defendants.*

Rule 8(b) of the Federal Rules of Criminal Procedure is as follows:

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

■ In the present case, all four of the defendants are charged in Count One, while two of the defendants are charged in both Counts Two and Three. The test as to joining defendants in the same indictment appears to be, "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Having previously determined that the charges in the three counts are related to one another and are in the same series of acts, this Court feels that there is not a misjoinder of defendants.

■ Rule 14, Federal Rules of Criminal Procedure, provides that if prejudice will result to either the Government or the defendants by a joinder of offenses or defendants in an indictment, or by joinder for trial, then, "the court *may* order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." It is thus apparent that if any action is to be taken by the Court under Rule 14, it is entirely within the discretion of the Court. However, it has not been shown, nor does it appear, that prejudice will result to anyone. Therefore, this Court sees no reason or necessity to exercise its discretion to grant the relief provided for by Rule 14.

*Point 3. The Indictment and Each Count Thereof Does Not Properly Inform the Defendants of the Nature and Cause of the Accusations Attempted, as Required Under the Sixth Amendment of the Constitution of the United States.*

In the case of Hagner v. U. S., 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, the appeal, following a trial by jury and entry of judgment and a denial of a motion in arrest of judgment in the lower court, presented this question: May the indictment which was adequate to charge an offense in Pennsylvania be sustained as also sufficient to charge an offense committed within the District of Columbia? The Supreme Court in ruling that it was sufficient in this respect laid down the following test at page 431 of 285 U.S., at page 419, of 52 S.Ct.:

"The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether

the record shows with accuracy to what extent he may plead a former acquittal or conviction.' "

On this point, the defendants contend that "count one generally charges conspiracy to violate several different laws and several different regulations without any specificity in this respect." However, it must be remembered that the offenses charged here are statutory, and, as such, the indictment "may ordinarily be laid in the language of the statute, unless the statute omits an essential element of the offense or includes it only by implication, in which case the indictment or information should allege it directly and with certainty." Federal Practice and Procedure, Barron, Vol. 4, Sec. 1914: Reynolds v. U. S., 5 Cir., 1955, 225 F.2d 123, certiorari denied 350 U.S. 914, 915, 76 S.Ct. 197, 100 L.Ed. 801, rehearing denied 350 U.S. 929, 76 S.Ct. 301, 100 L.Ed. 812; United States v. Debrow, 5 Cir., 1953, 203 F.2d 699, reversed on other grounds 346 U.S. 374, 74 S.Ct. 113, 98 L. Ed. 92.

Defendants contend that pleading mere legal conclusions does not meet the test required in criminal pleadings but rather these conclusions must be supported by essential allegations of fact.

An examination of the indictment reveals that the offenses charged are, essentially, in the language of the statutes upon which the charges are based. In addition to this, however, Count One contains eight separate paragraphs that reveal the means by which the conspiracy was to be carried on, plus 11 overt acts. The remaining Counts Two and Three, besides stating certain violations of statutes, detail what the defendants did that constituted violations of these statutes.

This Court finds the indictment to be neither vague nor indefinite.

*Point 4. The Defendants, Bernard S. Bachman, Stanley J. Bachman and Jerome H. Bachman, have been Deprived of their Constitutional Rights.*

The main contention advanced by the defendants with respect to this point is that it is illegal for a Grand Jury to indict a person who was required to appear before the Grand Jury and give testimony. More specifically, they allege that the corporate defendant is actually a closed corporation and, for all purposes, is really a family partnership, so that when one of the "partners" appeared in response to the subpoena directed to the corporate defendant, he was, in effect, being required to produce evidence against himself. In suport of this position, the defendants cite many cases wherein the courts held that books of the corporations were actually books of the particular persons and not of a separate legal entity, and, as such, would be admissible in evidence against the particular officer.

However, certain points raised by the Government in its opposition to the defendants' motion must be considered. The subpoena directing the production of the corporate documents was addressed to the defendant, Stanbern Aeronautics Corporation, and not to any of the individual officers of said corporation. Therefore, compliance with the subpoena could have been effected if any duly authorized representative of the corporation had produced the documents which the subpoena designated. The subpoena was definitely directed to corporate documents and, as such, to documents that were maintained in a *representative* rather than a *personal* capacity. As the Supreme Court held in the case of Rogers v. U. S., 340 U.S. 367, 371–372, 71 S.Ct. 438, 441, 95 L.Ed. 344:

"As a preliminary matter, we note that petitioner had no privilege with respect to the books of the Party, whether it be a corporation or an unincorporated association. Books and records kept 'in a representative rather than in a personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers

might tend to incriminate (their keeper) personally.'"

Bernard S. Bachman voluntarily chose to respond to the subpoena and bring the requested documents. Therefore, it was necessary that he identify himself and the records as being those which the corporation had been ordered to produce. It is also apparent from the affidavit of William A. Carey that the only questions asked of this witness before the Grand Jury were for the purposes of identification of himself *as an officer* of Stanbern Aeronautics Corporation and to produce the documents referred to in the subpoena. This is proper. United States v. Field, 2 Cir., 193 F.2d 109.

As the Government has pointed out, books and records maintained in a representative capacity cannot be the subject of the personal privilege against self-incrimination, even though production of such books might tend to incriminate the keeper personally. Rogers v. U. S., supra. Also, the privilege against self-incrimination cannot be exercised so as to protect corporations, or their officers, against the production of corporate records pursuant to lawful judicial order. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614.

The defendants also contend that "in the light of the developments of this case as appear of record can it be seriously urged that on March 31, 1958, the defendant, Bernard Sidney Bachman, was not a putative defendant. In the face of the return of the indictment on the following Wednesday morning as indicated in this cause, it would appear clearly that the probabilities were that the indictment was already drawn and in the hands of the prosecutor." Counsel for the defendants refers to "probabilities," thus acknowledging that it would be just as consistent to reach a contrary conclusion.

The motion of the defendants to dismiss and for other relief is hereby denied.

Counsel will present appropriate order.