**DISTRICT OF COLUMBIA, Appellant,**

v.

**Alfred JONES, Appellee.**

No. 3020.

Municipal Court of Appeals for the District of Columbia.

Argued June 25, 1962.

Decided July 20, 1962.

Hubert B. Pair, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and H. Thomas Sisk, Asst. Corporation Counsel, were on the brief, for appellant.

Carroll F. Tyler, Jr., Washington, D. C., entered an appearance for appellee, but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The only question in this case is whether the court acted beyond its authority in setting aside a forfeiture in a traffic case. There is no dispute as to the facts. On November 9, 1961, appellee was involved in an automobile accident and received a traffic summons. Charged with failure to yield the right-of-way, he posted $25 collateral, which was forfeited on November 24. On January 15, 1962, appellee filed a motion to set aside the forfeiture. The motion was granted and this appeal followed.

Municipal Court Criminal Rule 3(d) provides, "No forfeiture of collateral security shall be vacated unless application therefor is made within 30 days after said forfeiture." The record fails to explain why appellee allowed 52 days to elapse before requesting the reopening of his case. However, his purpose is plain. For a violation of this type, upon forfeiture of collateral, the Director of Motor Vehicles is required to assess against the offender three points.[1] The purpose of appellee's motion was to erase these points from his record. As this court said in Glenn v. Commissioners of District of Columbia, D.C.Mun.App., 146 A.2d 575, 577 (1958), "The 'Point System' is not a game; it is a serious, intelligent, constructive attempt to promote traffic

---

1. Traffic & Motor Vehicle Regulations for the District of Columbia, Part V, Point System, § 3.

safety * * *." If we permit Rule 3(d) to be construed as was done in the present case, the effectiveness of the "Point System" would be destroyed and the public would suffer. Rule 3(d) specifies that application to set aside the forfeiture of collateral must be made within 30 days after said forfeiture. This rule was adopted pursuant to express Congressional authority and has the force and effect of law, equally binding on judges and litigants.[2] Its language is clear and unambiguous and admits of no discretion on the part of the court unless the motion is filed within the specified time. In this case, appellee was 22 days late. Therefore the order granting the motion should be vacated and the forfeiture reinstated.

It is so ordered.

---

2. District of Columbia v. Hunt, 82 U.S. App.D.C. 159, 163 F.2d 833 (1947); Simcic v. United States, D.C.Mun.App., 86 A.2d 98, affirmed 91 U.S.App.D.C. 102, 198 F.2d 951 (1952).