See also D.C., 234 F.Supp. 341; D.C., 238 F.Supp. 802.

**UNITED STATES of America**

v.

**John ANDREADIS, a/k/a John Andre, Saul Miklean, Arthur D. Herrick, Drug Research Corporation, a corporation, New Drug Institute, Inc., a corporation, and Kastor, Hilton, Chesley, Clifford and Atherton, Inc., a corporation, Defendants.**

No. 64–CR–28.

United States District Court
E. D. New York.

Feb. 10, 1965.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for the United

States; Martin R. Pollner, Asst. U. S. Atty., of counsel.

Joseph E. Brill, New York City, for defendant Kastor, Hilton, Chesley, Clifford and Atherton, Inc.; Bernard J. Levy, New York City, of counsel.

BARTELS, District Judge.

This is a motion for severance by defendant Kastor, Hilton, Chesley, Clifford and Atherton, Inc. (Kastor, Hilton) upon the ground that a joint trial with the other defendants herein would be highly prejudicial to it and would deprive it of its constitutional right to a fair and impartial trial. The indictment consists of 58 counts, charging the various defendants with a scheme to defraud, and obtain money from purchasers of "Regimen" tablets by means of false advertisements and representations in violation of 18 U.S.C.A. §§ 1341, 1343, 371, and 2. Certain counts of the indictment charge the defendants except Kastor, Hilton, with violation at 21 U.S.C.A. §§ 331(a) and 333(b) and 18 U.S.C.A. § 2 by introducing into interstate commerce for delivery to various firms quantities of "Regimen" tablets which were misbranded within the meaning of 21 U.S.C.A. § 352(a).

Kastor, Hilton rests its argument chiefly upon the fact that it is not charged in the indictment with the offenses alleged in counts 47 through 58, which relate exclusively to the claim of misbranding in connection with the sale and distribution of "Regimen" tablets and with which it is not concerned. It further alleges that it was far removed from the genesis of the drug and that it simply promoted, advertised and prepared copy along the lines previously employed by the client and which was approved by the manufacturer, and that moreover, the consent-decree obtained by the Government in the civil action against the manufacturer for a permanent injunction by reason of misbranding, would create an aura of guilt at the trial of the criminal proceeding, which together with any other evidence of misbranding would spill over and

taint Kastor, Hilton; and that it is wholly unrealistic to believe that the Court by precautionary instructions, could prevent evidence against the other defendants relating to matters which transpired prior to Kastor, Hilton's engagement, or to misbranding and tainted clinicals, from rubbing off on and prejudicing Kastor, Hilton; so that in effect the jury would find Kastor, Hilton guilty by association.

All of the defendants are charged with participation in the misleading promotion, bogus television "weigh-in" appearances, and in misleading and misinforming the media relative to the Government's action and criticism in connection with the drug. It is admitted that the trial of this case will be a protracted one, consuming at least two months. The hostility of Kastor, Hilton to being tried at the same time with its associates is comprehensible. On the other hand, it is in the public interest to avoid, if possible, duplicitous, time-consuming and expensive trials against the defendants who allegedly have participated in the same transactions. Except with respect to the Food and Drug counts relating to misbranding referred to in counts 47 through 58, it appears that the evidence against Kastor, Hilton will be the same as that offered against the other defendants. This evidence will include proof, if any, of the ingredients and distribution of the drug; scientific testimony, if any, that the "Regimen" tablet was ineffectual and that its claims were false; and evidence, if any, of promotion and intent to defraud the public.

Rule 8, Fed.Rules Crim.Proc., 18 U.S.C.A., provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same series of acts or transactions constituting an offense or offenses. Rule 14, Fed.Rules Crim. Proc., 18 U.S.C.A., states that a defendant is entitled to a severance or other relief if it appears that he will be prejudiced by a joinder for trial together with other defendants. The issue is whether

Kastor, Hilton will be prejudiced by its joinder with the other defendants so that it will be impossible for Kastor, Hilton to obtain a fair and impartial trial. Generally speaking, where several defendants are jointly indicted and the charge against them may be proved by the same evidence, severance may be denied in the absence of a clear showing of prejudice. United States v. Lebron, 2 Cir.1955, 222 F.2d 531, cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774; United States v. Cohen, 2 Cir.1941, 124 F.2d 164, cert. denied, Bernstein v. United States, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210; United States v. Smith, et al., E.D.Ill.1962, 209 F.Supp. 907.

■ At the outset, it should be noted that there has been no showing that the consent-decree referred to by Kastor, Hilton will be offered into evidence or if offered, will be admissible in any criminal proceeding. Until that time this application upon that point is obviously premature. United States v. Needleman, E.D.N.Y.1946, 6 F.R.D. 205. In deciding this question of severance, the Court must consider not only the possible prejudice to the defendant but also the possible prejudice to the Government resulting from two time-consuming, expensive and duplicitous trials. Referring to the possible rub off upon Kastor, Hilton of evidence related to other defendants, the Court believes that adequate instructions can be given to the jury to prevent them from associating Kastor, Hilton with the charges relative to misbranding or violation of the Food and Drug counts of the indictment.

■ After consideration of all of the factors involved, the Court concludes that the jury can and will upon proper instructions weigh the evidence with respect to each defendant and will be able to separate the guilty from the innocent so that Kastor, Hilton will not be prejudiced by being joined in trial together with the other defendants. In this way an additional time-consuming and duplicitous trial may be avoided. This con-clusion, however, is without prejudice to the right of the defendant to make such future applications as it may deem advisable, depending upon the developments at trial. See United States v. Houlihan, 2 Cir.1964, 332 F.2d 8; United States v. Fradkin, 2 Cir.1936, 81 F.2d 56, cert. denied, 297 U.S. 720, 56 S.Ct. 598, 80 L.Ed. 1005; Robinson v. United States, 1954, 93 U.S.App.D.C. 347, 210 F. 2d 29; United States v. Noumura Trading Co., S.D.N.Y.1963, 213 F.Supp. 704; United States v. Kahaner, S.D.N.Y.1962, 203 F.Supp. 78, aff'd, 2 Cir.1963, 317 F.2d 459, cert. denied, 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65.

Motion to sever is accordingly denied.

This shall constitute an order.