Louise B. COCHRANE, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3718.

District of Columbia Court of Appeals.

Argued Sept. 8, 1965.

Decided Oct. 25, 1965.

James J. Laughlin, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

On September 18, 1964, appellant was arrested on a charge of disorderly conduct. After posting at the police precinct $100 collateral to be forfeited, she was released. On February 9, 1965, appellant filed a motion asking that the forfeiture be set aside and that she be granted a trial on the merits of the charge. The motion was denied on the ground that it was not timely filed under the trial court's Criminal Rule 3(d), which provides: "(d) Setting Aside Forfeiture. No forfeiture of collateral security shall be vacated unless application therefor is made within 30 days after said forfeiture."

In District of Columbia v. Jones, D.C. Mun.App., 183 A.2d 391, 392 (1962), we reversed an order which set aside a forfeiture 52 days after the forfeiture occurred, holding that the language of the rule "is clear and unambiguous and admits of no discretion on the part of the court unless the motion is filed within the specified time." Appellant seeks to avoid this holding by asserting that an exception should be made "when a constitutional question is involved."

The claim of a constitutional question is based upon allegations in the affidavit filed by appellant in support of her motion to the effect that when she was arrested she requested assistance of counsel and this was denied her, and that she agreed to a forfeiture of the collateral only upon the insistence of the police officer who told her she could not call her attorney.

Appellant cites Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), as sustaining her claim to right to counsel, but we think the right to counsel is not the question here. The question is the reasonableness of Rule 3(d). Neither the rule nor its application denied appellant the right of counsel.

The orderly administration of the court's business requires that there be fixed precise times within which the court may act. Without definite time limitations, litigation could be indefinitely delayed, resulting in intolerable uncertainty and confusion.[1] The courts have found it necessary to fix time limitations on their power to

---

1. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

act.[2] Unless such a rule fixes an unreasonably short time, it is valid and binding on both the court and the parties litigant.

■ The rule under consideration was adopted by the trial court as a reasonable limitation on the power of the court to grant relief to one who has elected to forfeit collateral. We are not willing to say that the thirty-day limitation imposed by the rule is an unreasonable limitation. It should be remembered that one who elects to forfeit collateral is, as was the appellant here, immediately released. He then is allowed 30 days in which to reconsider his action, consult with counsel, and, if deemed advisable, ask that the forfeiture be set aside.

■ It may be that in some case of unusual circumstances, application of the rule would work undue hardship, but no such circumstances appear here. Appellant offered no explanation for failure to consult counsel within the thirty-day period allowed by the rule or why she waited nearly five months before seeking relief. Her motion was untimely filed and was properly denied.

Affirmed.

2. See, e. g., the trial court's GS Rule 6(b); Federal Rules of Criminal Procedure 45; Federal Rules of Civil Procedure 6(b); (b); D.C.App., Rule 27(q).