DISTRICT OF COLUMBIA, Appellant,

v.

Hercules EVANS, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Elbert HOLLY, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Wilbur STEWART, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Adonis ARMSTRONG, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Virginia PALMER, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Alice FINCHER, Appellee.

Nos. 3997–4002.

District of Columbia Court of Appeals.

Submitted Oct. 24, 1966.

Decided Jan. 6, 1967.

Charles T. Duncan, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, Hubert B. Pair and David P. Sutton, Asst. Corporation Counsel, for appellant.

No appearance for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

The government has appealed from six orders of the trial court setting aside forfeitures of collateral security posted by appellees who had been charged with disturbing a congregation engaged in a religious service.[1] The forfeitures occurred on December 22, 1965, and orders setting them aside were entered on March 7, 1966. The government contends that the setting aside of the forfeitures was unauthorized because of the trial court's Criminal Rule 3(d) which provides: "No forfeiture of collateral security shall be vacated unless application therefor is made within 30 days after said forfeiture."

We have held that the clear and unambiguous language of the rule leaves no discretion to the trial court to extend the time for applying for relief from a for-

---

1. D.C.Code 1961, § 22–1114.

feiture[2] and that the rule is a reasonable one, although we intimated that the time might be extended in a case of unusual circumstances where the rule would work undue hardship.[3] We find no unusual circumstances or undue hardship here.

Appellees filed no written motion in the trial court and presented no testimony, and filed no brief here. To ascertain the facts we, as was the trial court, are limited to the entries of record and the statements of counsel at the hearing on the oral motion. These facts appear clear. Appellees with their attorney were first in court on October 28, 1965, and on that day their cases were continued until December 22nd. Appellees and their attorney were fully aware of the continued date, but on December 22nd neither appellees nor their attorney appeared and as a result the collateral was forfeited.[4]

What occurred on December 20th is not so clear. Apparently four other persons were charged at the same time and with the same offense as the six appellees, and these four were present on October 28th and their cases were also continued to December 22nd. However, other and more serious charges had been filed against the four other persons, and on December 20th their attorney, who also represented appellees, appeared in court and had the cases against the four continued to January 20th in order that those cases could be heard with the other charges pending against the four. Appellees were in court on December 20th and heard the other four persons specifically advised by name that the cases against the four were continued to January 20th. Nothing was said about continuing the cases against appellees, but they and their attorney failed to appear on December 22nd, and on that day the forfeitures occurred. Seventy-five days later they orally moved to set aside the forfeitures.

Although at oral argument on the motion there was some suggestion that appellees either misunderstood or were misinformed as to the date set for their trial, or were under the impression that their cases were continued along with those of the other four, there was no testimony by appellees to this effect. Certainly counsel was fully aware of the situation. No facts were advanced which would justify relaxation of the rule, and it was error to set aside the forfeitures.

Reversed with instructions to reinstate the forfeitures.

2. District of Columbia v. Jones, D.C.Mun. App., 183 A.2d 391 (1962).

3. Cochrane v. District of Columbia, D.C. App., 213 A.2d 826 (1965).

4. There was a suggestion in the oral argument below that appellees and their counsel were in court on the 22nd. If this were true, there is no explanation why appellees and counsel permitted the forfeitures to occur without protest.