**UNITED STATES of America**

v.

**Richard MAGNOTTI and Eugene Onofrio.**

**Crim. No. 12761.**

United States District Court,
D. Connecticut.

Oct. 30, 1970.

1

Blair Crawford, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Gerald Farrell, Wallingford, Conn., for defendant Magnotti.

Ira B. Grudberg, New Haven, Conn., for defendant Onofrio.

OAKES, District Judge.

## FINDINGS AND ORDER ON DEFENDANT ONOFRIO'S MOTION TO SEVER AND RENEWAL THEREOF (JOINED IN BY DEFENDANT MAGNOTTI)

Defendant Onofrio urges severance on four grounds:

1. Because defendant Magnotti may take the stand on his own behalf, the Government will use a statement taken from him that will prejudice defendant Onofrio's Sixth Amendment rights under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

2. Since the time this prosecution was instituted defendant Magnotti has been tried and convicted of another bank robbery charge [18 U.S.C. § 2113(a) and (d)] and is awaiting sentence. At that trial he testified in his own defense which was insanity. If he took the stand here his prior conviction would prejudice defendant Onofrio.

3. The Government may offer defendant Magnotti's statements to show consciousness of guilt, such statement mentioning defendant Onofrio.

4. An attempt to meet prospective identification may involve use in cross-examination or otherwise of a prior arrest photo of defendant Magnotti by defendant Onofrio or of a prior arrest photo of defendant Onofrio by defendant Magnotti, in either which event prejudice might result to the other.

■ The *Bruton* argument based on defendant Magnotti's statement is not persuasive because that statement (Court Ex. A) does not inculpate defendant Onofrio. United States v. Tropiano, 418 F.2d 1069, 1080–1081 (2d Cir. 1969).

■■ Rule 14 of the Federal Rules of Criminal Procedure does not require a *Bruton* situation for the trial court to order severance—it is when "prejudice * * * appears" or what "justice requires" to which the Rule refers, and sound judicial discretion is basically involved, in the absence of a Bruton situation. See 1 Wright, Federal Practice and Procedure (Criminal), § 221, p. 431; see also Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). The test for the exercise of discretion is said to involve a balancing of possible prejudice to one or more of the defendants with the duplicate expense, consumption of time and use of court facilities that separate trials require. United States v. Andreadis, 238 F.Supp. 800, 802 (E.D.N.Y.1965). The factor of delay in the trial of one defendant is another that might well be taken into account.

■ Here there is a substantial likelihood of prejudice to defendant Onofrio resulting from Magnotti's previous and recent conviction and the possibility of his taking the stand in his own defense as he did in his recent trial. But cf. Glass v. United States, 351 F.2d 678, 680 (10th Cir. 1965).

While the use by defendant Magnotti of a prior arrest photo of defendant Onofrio in connection with defendant Magnotti's challenging identification evidence impresses the Court as unlikely, there is real likelihood of the use by defendant Onofrio of a prior arrest photo of defendant Magnotti in defendant Onofrio's challenge of such evidence. Moreover, while defendant Magnotti's statements (Court Ex. A) do not inculpate defendant Onofrio, they may well be adduced to show consciousness of guilt on

defendant Magnotti's part,* which would result in a flow-over of prejudice against defendant Onofrio since the two were plainly together on the afternoon in question.

Since defendant Magnotti has been recently convicted and is being held without bail in connection with that conviction a slight delay in his trial would not prejudice him unduly, and since defendant Onofrio is not presently being held a slight delay in his trial would not be unduly prejudicial to him.

In terms of expense all of the witnesses apparently reside in Connecticut and within a relatively short distance from the Hartford or New Haven courthouses. While the Court cannot predict the length of the prospective trials, it does not preliminarily appear that either would be of the protracted variety. Moreover, although it is a small point perhaps, daily transcript for assigned counsel of pre-trial suppression proceedings, to which in all fairness he would otherwise be entitled, at a probable expense of $600, would be saved, since on the record defendant Onofrio has agreed to furnish his copy of such transcript to defendant Magnotti.

The scales here tip for severance, this being the unusual case where compelling reasons present themselves.

All parties having signified their readiness to proceed Monday morning at 10:00 a. m., November 2, 1970, the Court in its discretion and as a part hereof will permit the Government to elect against which defendant it wishes first to proceed.

Motion to Sever Granted; Government to Elect November 2, 1970, 10:00 a. m.

---

* When investigators came to defendant Magnotti's house, Magnotti immediately stated to them, they say:

"I suppose you're here to question me about the bank robbery that happened in Hamden today that I heard on the radio." After a sample hair was obtained from Magnotti, he stated to the investigator, "What did you do, find my hat. Is that why you want my hair." (Court Ex. A.)