**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas ADAMS, a/k/a Tommy Jacobs, Defendant-Appellant.**

**No. 213, Docket 34194.**

United States Court of Appeals, Second Circuit.

Argued Oct. 2, 1970.

Decided Nov. 18, 1970.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, Charles B. Updike and Ross Sandler, Asst. U. S. Attys., of counsel, for plaintiff-appellee.

Milton Adler, New York City, of The Legal Aid Society, Robert Hermann, New York City, of counsel, for defendant-appellant.

Before DANAHER,* FRIENDLY and HAYS, Circuit Judges.

DANAHER, Senior Circuit Judge:

The appellant here insists that Judge Tyler abused his discretion in failing to grant appellant's pre-trial motion for severance which was renewed and again denied at the close of appellant's case. The first count charged that appellant, on or about April 3, 1967, had sold 18.275 grams of heroin hydrochloride. The second count specified that when arrested on or about January 16, 1968, appellant possessed 1.595 grams of heroin hydrochloride.

The claims of respective counsel had been illuminated at a pre-trial evidentiary hearing, followed by argument with a penetrating colloquy between judge and counsel. Thereupon, in ruling, Judge Tyler expressed the view that the sale count and the possession count were "part and parcel of trafficking in narcotics." He further observed

"* * * that this court will be obliged to make it abundantly clear in the charge that the jury is to consider the counts separately but based upon the testimony that we now know we are going to hear as a result of our evidentiary hearing this afternoon, I think this * * * joinder is proper for the simple reason that the Government's real position is, notwithstanding the division of the indictment into two counts, that they are trying Thomas Adams or Thomas Jacobs on the theory that he is a trafficker in narcotics and both counts fit that pattern if they can prove them, so that motion is denied."

* Senior United States Circuit Judge of District of Columbia Circuit sitting by designation.

Patently, pursuant to Rule 8(a), Fed. R.Crim.P., two or more offenses may be charged in the same indictment in several ways.[1] Here, as Judge Tyler correctly perceived, the offenses involved two or more transactions [2] constituting parts of a common scheme or plan. The permissive elements of the Rule obviously are stated in the disjunctive.

Just as surely as there thus may be a joinder of offenses, if "it appears that a defendant * * * is prejudiced" [3] by such joinder, Rule 14 authorizes the court, in the exercise of its discretion, to order "separate trials of counts * * * or provide whatever other relief justice requires."

Where the trial judge has exercised the permitted discretion, his ruling will not be disturbed except for clear abuse.[4]

The reports are replete with cases which may be seen to have turned upon the circumstances developed in each situation presented.[5]

It may be doubted that any court has more cogently dealt with our problem than did Judge Learned Hand writing for this Circuit in United States v. Lotsch.[6] Ruling that a joinder there was proper, he saw no prejudice since the evidence as to each charge was short and simple, and there was no reasonable ground for thinking that the jury could not keep separate what was relevant to each. He wrote, specifically:

"When the accused's conduct on several separate occasions can properly be examined in detail, the objection disappears, and the only consideration is whether the trial as a whole may not

---

1. In some situations the offenses may be "of the same or similar character," indeed the appellant here, on brief, had contended that "the *only arguable* basis for joinder could have been that the illegal sale and the illegal possession were offenses 'of the same or similar character.'" (Emphasis added.) His mistakenly narrow reading of the Rule pervades his argument.

2. A term of "flexible meaning" as construed and applied in Cataneo v. United States, 167 F.2d 820, 823, 824 (4 Cir. 1948); cf. United States v. Lotsch, 102 F.2d 35, 36 (2 Cir.), cert. denied, 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1500 (1939).

Judge Hand in United States v. Gottfried, 165 F.2d 360, 363 (2 Cir.), cert. denied 333 U.S. 860, 68 S.Ct. 738, 92 L.Ed. 1139 (1948), observed that the offenses charged if not based on the same transaction "were certainly based on 'transactions connected together.' We agree that literal compliance with the Rule is not necessarily final, in cases where there is danger of confusion or of unfair prejudice from the joinder."

3. Rule 14, Fed.R.Crim.P. Of course the burden is on the defendant to make that showing. Blunt v. United States, 131 U.S.App.D.C. 306, 404 F.2d 1283, 1289 (1968), cert. denied 394 U.S. 909, 89 S. Ct. 1021, 21 L.Ed.2d 221 (1969); cf. Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960),

involving a Rule 8(b) situation, as in United States v. Granello, 365 F.2d 990, 994, 995 (2 Cir. 1966), cert. denied 386 U.S. 1019, 87 S.Ct. 1367, 18 L.Ed.2d 458; reh. den. 387 U.S. 949, 89 S.Ct. 1590, 22 L.Ed.2d 790 (1967), and Ward v. United States, 110 U.S.App.D.C. 136, 289 F.2d 877 (1961), and note the terms of remand respecting Ward. Note, *Id.* 878.

Here we are treating of a single accused, as to whom joinder of the offenses may be proper. Evidence of guilt on the possession count—not here contested—was not received on a "bad man" basis, cf. United States v. Jones, 374 F.2d 414, 419 (2 Cir.), cert. denied 389 U.S. 835, 88 S.Ct. 40, 19 L.Ed.2d 95 (1967), but because it was of the essence to appellant's "trafficking" in narcotics. And see United States v. Bozza, 365 F.2d 206, 213 (2 Cir. 1966).

4. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Brown v. United States, 126 U.S.App. D.C. 134, 375 F.2d 310, 315, cert. denied 388 U.S. 915, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967). And see United States v. Bentvena, 319 F.2d 916, 917 (2 Cir. 1963).

5. See, e. g., Bayless v. United States, 381 F.2d 67, 72 (9 Cir. 1967); Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964); cf. United States v. Deaton, 381 F.2d 114, 117 (2 Cir. 1967).

6. *Supra*, n. 2, 102 F.2d 35, cert. denied 307 U.S. 622, 59 S.Ct. 793 (1939).

become too confused for the jury.
* * * " [7]

■ Accordingly if the trial judge in the exercise of his discretion concludes that a defendant can fairly be tried on all the charges at once, the denial of a motion for severance will not be disturbed, as noted *supra*, except for clear abuse.[8]

■ To restate Judge Hand's test, authorized pursuant to Rule 8(a), the device of joinder may be utilized when practically and rationally such resort will still afford a fair trial. If in the interest of economy of trial time and effective utility of available resources separate trials properly can be avoided, and an accused will be afforded a fair trial, the judge may deny a motion for severance. There is the saving option as well that the judge in the exercise of his permitted discretion may "provide whatever other relief justice requires" (Rule 14, *supra*). We are satisfied that the appellant here has failed to demonstrate prejudice [9] flowing from the joinder.

The judge in colloquy after the pre-trial evidentiary hearing recognized, as Government counsel then pointed out, that the charges could be seen as "constituting parts of a common scheme or plan." Judge Tyler as would any experienced trial judge, recognized as matter of common knowledge that the pattern here was typical of conduct in the narcotics traffic. As he summarized, there were the informant's introduction, the negotiations, the sale, and the ultimate delivery of an ounce of heroin. Then "we went to arrest him" and found

him in possession of "those four bags because he got some retail customer that he would like to take care of." Whether that conclusion be "right or wrong in the factual sense * * * would be up to the jury."

The judge concluded after pre-trial hearing that by careful delineation of the factors essential to each count, the jury would be able to consider separately and distinctly,[10] the items of evidence relevant to each offense. He decided that he could thus "provide whatever other relief justice requires" (Rule 14, *supra*).

Then, after trial the judge denied the renewed motion for he then could have seen that the appellant had failed to establish prejudice and that there was scant possibility, if any, that the jury had been confused.[11] On balance of all relevant factors, he determined that to the extent appellant originally had claimed that potentially prejudicial evidence might be received, the probative value of that evidence justified its having been admitted.[12]

The instructions were comprehensive and detailed. The jury was told "to consider these counts separately and scrupulously before you arrive at a verdict of guilty or not guilty on each count." Again the judge charged:

"* * * [Y]ou are not to judge the guilt or innocence of the defendant under one count and then hold that decision to be binding on the other count. As I say, you are to consider the evidence separately and scrupulously as to both counts and it would be perfectly possible that you could

---

7. *Id.* at 36.

8. Note 4, *supra*, and Tillman v. United States, 406 F.2d 930, 934, 935 (5 Cir.), cert. denied 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969); Peterson v. United States, 344 F.2d 419, 422 (5 Cir. 1965); Robinson v. United States, 93 U.S.App.D.C. 347, 210 F.2d 29, 32 (1954).

9. Daly v. United States, 119 U.S.App.D.C. 353, 342 F.2d 932, 933 (1964), cert. denied 382 U.S. 853, 86 S.Ct. 102, 15 L.Ed. 2d 91 (1965). In *Daly*, there were some

fifteen counts involving a common scheme or plan. As to failure to demonstrate prejudice, compare Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958, 977 (1968).

10. Drew v. United States, 118 U.S.App. D.C. 11, 331 F.2d 85, 92 (1964).

11. *Id.*, 331 F.2d at 92.

12. United States v. Cuadrado, 413 F.2d 633, 635 (2 Cir. 1969), cert. denied 397 U.S. 980, 90 S.Ct. 1107, 25 L.Ed.2d 391 (1970); United States v. Deaton, 381 F.2d 114, 117 (2 Cir. 1967).

find him guilty on one count and not guilty on the other count or also possible that you find him guilty on both counts, or, indeed, not guilty on both counts. The point I am trying to drive home is consider each count separately and scrupulously."

We perceive no prejudice.[13] The evidence was simple and readily applicable to the respective counts. Agent Cook testified that he received information from an informant that "Adams" was selling bulk heroin in Harlem, and the informant arranged an introduction. Appellant and Agent Cook negotiated concerning an ounce of heroin for which Agent Cook on April 3, 1967 paid appellant $550. Agent Caffrey saw Adams meet the informant and then enter Agent Cook's car. Caffrey entered upon surveillance of Adams when he left Cook to procure the heroin. Caffrey again saw Adams when he returned to deliver the heroin to Agent Cook. Appellant testified that he had had no dealings with Cook, had never sold narcotics to him, and argued that the wrong man had been identified.

In due course, the warrant issued for the arrest of appellant was served on January 16, 1968 by Agent Peterson[14] and another agent. A contemporaneous search revealed that appellant carried in the pocket of his overcoat four glassine envelopes containing heroin as to which he made no denial.

There was no showing that the jury had been confused[15] or that appellant was prejudiced in his defense.

■ Accordingly, since the offenses were properly joined in accordance with Rule 8(a), we think it plain that Judge Tyler correctly exercised his discretion under Rule 14. That the jury readily

could determine that appellant was guilty as charged seems beyond peradventure. Satisfied that appellant received a fair trial, without error, our task is at an end.

Affirmed.

---

13. Moreover appellant in any event was sentenced to concurrent terms of five years on each count.

14. Not introduced at trial was testimony developed at the pre-trial hearing that Peterson in August, 1967, had negotiated with Adams for the purchase of an ounce of heroin. Peterson at that time was unaware of the investigation which had been initiated by Agent Cook. It seems clear enough that Peterson knew appellant and placed him under arrest.

15. Cf. United States v. Berger, 433 F.2d 680, 685 (2 Cir. 1970); United States v. Rivera, 348 F.2d 148, 150 (2 Cir. 1965).