## BUCKNER v. UNITED STATES.
### No. 9061.

United States Court of Appeals District of Columbia.

Argued Jan. 18, 1946.

Decided March 18, 1946.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee. Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

## PER CURIAM.

This is an appeal from a conviction for perjury. Prior to his indictment for perjury appellant had been tried in the District Court on a charge of rape. During the course of the rape trial appellant testified on his own behalf, denying that the signature on a statement introduced in evidence was his. The perjury indictment was founded on this denial.

At the perjury trial the prosecution's case was constructed as follows: (1) the testimony of a deputy clerk that he had administered the oath to the defendant in the rape case; (2) the testimony of the official court reporter, relying on the stenographic transcript of his notes, to the effect that the defendant did ⸗deny that the signature with which he was confronted was his; (3) the testimony of a handwriting expert that the signature on the document in question was the same as that on certain other documents allegedly executed by the defendant; (4) the testimony of the police officer who claimed to have obtained the statement from the defendant and knew the signature to be his.

■ Appellant urges that there was insufficient corroboration to make out the crime of perjury. The case of Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 156 A.L.R. 496, is cited to support this contention. We think the standard set down in that case has been met. The Court there stated:

"Two elements must enter into a determination that corroborative evidence is sufficient: (1) that the evidence, if true, substantiates the testimony of a single witness who has sworn to the falsity of the alleged perjurious statement; (2) that the corroborative evidence is trustworthy. To resolve this latter question is to determine the credibility of the corroborative testimony, a function which belongs exclusively to the jury." 323 U.S. 606, 610, 65 S.Ct. 548, 550, 156 A.L.R. 496.

■ Appellant urges that the court erred in "requiring the defendant to give testimony wherein he was required to write his name, contrary to the Supreme Court opinion in Fitzpatrick v. United States, 178 U.S. 304, 20 S.Ct. 944, 44 L.Ed. 1078." The present case is clearly not within the dictum quoted from the Fitzpatrick case. No signatures were obtained from the defendant during the perjury trial; those which came in were a part of the record from the rape case and admissible as such. We are not here reviewing the earlier proceeding. Moreover, it does not appear that, even in that earlier proceeding, the defendant was "required to write his name"; as far as appears he may have written it voluntarily, in the belief that it would help his defense.

■ Other contentions of appellant are that the court erred in charging the jury and in permitting signature exhibits to be taken into the jury room. The record does not support these contentions. It shows that the court was most careful and explicit in charging the jury on the matter of corroboration both in its initial charge and again after defense counsel had objected to the court's first statements on that point. The court reminded the jury that so far as the evidence purporting to corroborate the police officer's testimony was concerned they were to "determine whether or not, in fact, it does corroborate it." It was a proper exercise of the trial court's discretion to permit the jury to take the exhibits into the jury room. Goins v. United States, 4 Cir., 99 F. 2d 147, certiorari dismissed 306 U.S. 622, 59 S.Ct. 783, 83 L.Ed. 1027.

Affirmed.