No. 73–5927. MILLICAN, DBA HIP MAGAZINE *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any federal ban on obscenity is prohibited by the First Amendment (see *United States* v. *12 200-ft. Reels of Film,* 413 U. S. 123, 130 (1973) (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the United States District Court for the Northern District of Georgia of using the mails to distribute allegedly obscene materials in violation of 18 U. S. C. § 1461, which provides in pertinent part as follows:

> "Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance . . .
>
> . . . . .
>
> "Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.
>
> "Whoever knowingly uses the mails for the mailing . . . of anything declared by this section . . . to be nonmailable, . . . shall be fined not more than $5,000 or imprisoned not more than five years . . . ."

The Court of Appeals for the Fifth Circuit affirmed. 487 F. 2d 331.

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1461, I expressed the view that "[w]hatever the extent of the Federal Govern-

ment's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." *Id.*, at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Fifth Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the petitioner did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below fully performed such a review, since that responsibility was not made clear until *Jenkins.* Petitioner has thus never been provided the independent judicial review to which the Court held him entitled in *Jenkins.* At a minimum, the Court should vacate the judgment below and remand for such a review.

Finally, it does not appear from the petition and response that the obscenity of the disputed materials

---

*Although four of us would grant certiorari and reverse the judgments, the Justices who join this opinion do not insist that the case be decided on the merits.

was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante,* p. 141, I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.