Dennis SMITH, Plaintiff,

v.

PEPSICO, INC., Crown, Cork and Seal,
Inc. and Diversey, Inc., Defendants.

No. 76–1137 Civ-NCR.

United States District Court,
S. D. Florida,
Ft. Lauderdale Div.

July 11, 1977.

Cone, Owen, Wagner, Nugent, Johnson &
McKeown by Barbara J. Pariente, West
Palm Beach, Fla., for plaintiff.

Walton, Lantaff, Schroeder & Carson by
Richard J. Thornton, Miami, Fla., for Pepsi-
co, Inc.

Blackwell, Walker, Gray, Powers, Flick &
Hoehl by Francis A. Anania, Miami, Fla.,
for Crown, Cork & Seal.

Marlow, Shofi, Ortmayer, Smith & Span-
gler by John B. Ostrow, Miami, Fla., for
Diversey, Inc.

## ORDER

ROETTGER, District Judge.

██ Defendants have filed a joint motion for recusal based solely on the fact that plaintiff's attorney, Barbara Pariente, was a law clerk for this judge for a period of two years ending more than two years ago. Because no affidavit of bias or prejudice has been filed by the parties as required by 28 U.S.C. § 144, the court will treat this motion as having been brought pursuant to 28 U.S.C. § 455(a)[1]. In determining whether a judge should disqualify himself under the latter provision the appropriate test is whether a reasonable person knowing all of the circumstances would be led to the conclusion that the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see *Parrish v. Board of Com'rs of Alabama State Bar,* 524 F.2d 98 (5th Cir. 1975); *Davis v. Board of School Com'rs of Mobile County,* 517 F.2d 1044 (5th Cir. 1975). This standard is sufficiently broad to require recusal both in those circumstances where partiality is in fact present and where only the appearance of partiality is present. See *Lawton v. Tarr,* 327 F.Supp. 670 (E.D.N.C.1971). Nonetheless this standard is still one of reasonableness and should not be interpreted to require recusal on spurious or vague charges of partiality. *Mavis v. Commercial Carriers, Inc.,* 408 F.Supp. 55 (C.D.Cal.1975).

In the instant case there has been no suggestion that the court has obtained extra-judicial information as a result of any communication with his former law clerk. (There, of course, has been none.) *Cf. United States v. Sieffert,* 501 F.2d 974 (5th Cir. 1974). Nor has there been any suggestion that the court has violated any section of the Code of Judicial Conduct.

The use of law clerks, and even third-year law students as interns under a law school clinical program, has spawned a number of challenges to a District Judge. In each case the challenge has been rejected by the Court of Appeals or the motion to disqualify has been denied by the District Judge. *Wolfson v. Palmieri,* 396 F.2d 121 (2d Cir. 1968) (a former law clerk is an assistant prosecutor); *U. S. v. Trigg,* 392 F.2d 860 (7th Cir. 1968) (Judge's former law clerk was court-appointed trial counsel for the defendant who claimed the natural reaction of a former law clerk would prevent him from effectively representing his client); *Simonson v. General Motors Corp.,* 425 F.Supp. 574 (E.D.Pa.1976) (Law student intern was also clerking on a part-time basis with law firm representing the defendant General Motors Corp.); and *Reddy v. Jones,* 419 F.Supp. 1391 (W.D.N.C.1976) (One of the judge's present law clerks had accepted employment with law firm representing one of the parties). When one of the parties has been a former law clerk, recusal has occurred, apparently sua sponte. *Wall v. Coleman,* 393 F.Supp. 826 (S.D.Ga. 1975).

██ Although these decisions reveal no precedent in support of the motion, the court has additionally considered the most closely analogous situation: when the trial judge is a former law partner of a firm now appearing in litigation before the court. Such relationship in the past has been held an insufficient basis for recusal. *Bumpus v. Uniroyal Tire,* 385 F.Supp. 711 (E.D.Pa. 1974); *Cf. Broome v. Simon,* 255 F.Supp. 434 (W.D.La.1965); Interim Advisory Com-

---

1. The body of the motion is as follows:

"COME NOW the defendants herein, by and through undersigned counsel, and move the Honorable Norman C. Roettger to recuse himself from the case herein and in support thereof state:

1. Plaintiff's attorney, Barbara Pariente, as [sic] the law clerk to the Honorable Norman C. Roettger for approximately two years.

2. Plaintiff's attorney, Barbara Pariente, left the court's employ approximately two years ago.

3. As law clerk to the Honorable Norman C. Roettger, Barbara Pariente had a close working relationship to the Honorable Norman C. Roettger, was privy to the bulk of his decisions, and was continuously relied upon by him.

WHEREFORE, all defense counsel herein pray that the Honorable Norman C. Roettger will enter an order recusing himself from the within cause."

mittee on Judicial Activities, Advisory Opinion No. 24 (1972). Although the working relationships between a judge and the judge's law clerks are admittedly close and considerable mutual respect is traditionally the case, as was the case here, the past association by itself is less strong than the closeness of a law partnership which often endures for many years and entails mutually inherent risks to fortune and honor. Thus, accepting defendants' allegations as true there are insufficient facts for a reasonable person to question the court's impartiality and, therefore, for the court to recuse itself.[2] *Parrish, supra; Davis, supra.*

■ Inasmuch as "appearance of partiality" may vary from district to district it would seem appropriate to apply a "community standard" (if that principle may be borrowed from the obscenity field) to recusal questions under § 455(a). Several of the judges of the Southern District of Florida, including the undersigned, have recused themselves from cases involving their former law firms for a period of one year after becoming a judge, although at least two of the judges have continued to recuse themselves from all such cases.[3]

■ Even if a court were to recuse itself for the same length of time whether the cases involved former law clerks or former law partners, the prevailing custom in this district is for a recusal period of one year. Because Ms. Pariente left the court's employ more than two years ago that disqualifying period has long since passed.

The court observes in passing that some judges (but not the undersigned) employ law clerks with the specific expectation that the clerks will remain in that city or area to practice law. If a court were to accept the contention that recusal was necessary whenever any counsel had been a prior law clerk to a judge, this would be an unfair penalty placed upon former law clerks of Federal Judges. In addition, United States judges themselves would suffer an obvious limitation on their recruiting of talented law clerks in the future.[4]

It is therefore

ORDERED AND ADJUDGED that defendants' motion for recusal is hereby denied.

DONE AND ORDERED this 11 day of July, 1977.

---

**2.** The court appreciates that defendants' counsel have acted with the bar's traditional reluctance to file motions for recusal. In an abundance of caution and discretion the motion has been framed as if in the form of a "suggestion for recusal" or an "invitation" to the court to consider whether to disqualify itself. The court wishes to assure counsel that the motion is not considered offensive by the court. Although the subjective "in the opinion of the judge" test for recusal is no longer applicable under § 455(a), *Parrish,* 524 F.2d at 103; *Davis,* 517 F.2d at 1052, the court feels constrained to state that it feels no bias in favor of plaintiff's counsel and does not feel uncomfortable in presiding over the trial.

This court also feels constrained to point out it has not reached this decision on the basis of a "duty to sit". The Fifth Circuit has stated that the 1974 amendments to 28 U.S.C. § 455 were intended to overrule the "duty to sit" cases. *Parrish* and *Davis, supra.* This court is bound by the Fifth Circuit holdings although a number of cases have arrived at the contrary conclusion. *Simonson v. General Motors Corp.,* 425 F.Supp. 574 (E.D.Pa.1976) and *Lazofsky v. Sommerset Bus Co., Inc.,* 389 F.Supp. 1041 (E.D.N.Y.1975). See also *U. S. v. Moore,* 405 F.Supp. 771 (S.D.W.Va.1976) and *Hirschkop v. Virginia State Bar Assn.,* 406 F.Supp. 721 (E.D. Va.1975).

**3.** As reflected in *Bumpus v. Uniroyal Tire, supra,* the Eastern District of Pennsylvania follows a custom of recusal for a period of two years from cases involving the judge's former law firm. There is a paucity of reported decisions setting forth recusal periods in various districts.

The larger incidence of recent decisions involving former law clerks vis-a-vis former law partners may reflect the bar's suspicion that law clerks exert an undue influence on judges compared with their acceptance, albeit unenthusiastic, of judges' former law firms practicing in the same court.

**4.** The subject of recusal of judges is a sensitive issue which has produced many interesting opinions. For example, the memorandum of Mr. Justice Rehnquist in *Laird v. Tatum,* 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972); *Mitchell v. Sirica,* 163 U.S.App.D.C. 373, 502 F.2d 375 (1974) *cert. den.* 418 U.S. 955, 94 S.Ct. 3232, 41 L.Ed.2d 1177 (1974); *Spires v. Hearst Corp.,* 420 F.Supp. 304 (C.D.Cal.1976); *U. S. v. Mitchell,* 377 F.Supp. 1326 (D.D.C.1974) (Watergate); and *U. S. v. Hoffa,* 245 F.Supp. 772 (E.D.Tenn.1965).