**Leon BONEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13167.**

District of Columbia Court of Appeals.

Submitted Nov. 28, 1978.

Decided Jan. 10, 1979.

---

Robert A. Diamon, appointed by the court, and Bryan C. de Boinville, Washington, D. C., were on brief, for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Michael W. Farrell, Douglas J. Behr, and Richard W. Hausler, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before GALLAGHER and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

HARRIS, Associate Judge:

Appellant contends that the evidence adduced at his trial was insufficient to support his conviction for perjury and hence that the trial judge erred in failing to grant a motion for a judgment of acquittal. We affirm.

I

Looking at the evidence in the light most favorable to the government, *Creek v. United States*, D.C.App., 324 A.2d 688, 689 (1974), the record reflects the following: At approximately 11:25 p. m. on May 25, 1976, Officer Franklin George of the Metropolitan Police Department was driving his cruiser east on D Street, S.E. He heard a gunshot and saw a flash of light emanating from the vicinity of 15th and D Streets. Directing his attention to that location, the officer saw a man appear to alight from the passenger door of a green Vega automobile which was parked near the intersection. The man ran west on D Street toward the officer's car. However, he did not stop to seek aid. Instead, he bolted past the patrol car. As he did, Officer George noticed that the man was holding his left arm with his right hand and that his left arm appeared to be covered with blood.

Officer George radioed for assistance and pursued the Vega which had pulled away from the intersection. The car was never out of George's sight, and it was stopped

within a few blocks. Its driver was identified as Joseph T. Johnson; Gregory L. Reaves was the passenger. A spent .25 caliber cartridge casing was recovered from the right rear passenger seat.

Once the car had been halted, another policeman, Officer Joseph Goodwin, retraced, on foot, the path the Vega had taken from 15th and D Streets. In the middle of the street at the intersection of 17th and C Streets he found a small caliber semi-automatic pistol. A police ballistics expert later testified that the cartridge recovered from the Vega had been fired in that pistol. The expert also testified that the weapon ejects spent cartridges to the right rear.

Shortly after the incident, appellant entered a hospital with a gunshot wound in his left arm. On the basis of a report of that wound, appellant was served with a grand jury subpoena to testify against Johnson, the driver of the Vega. At the time he was served, appellant indicated that he would refuse to talk to the grand jury. Subsequently, he did appear before the grand jury.

While thus under oath, appellant stated that at approximately 11:30 p. m. on the night in question he was shot in his left arm while he was walking west on D Street. He testified that he was the only pedestrian on the street, and that there was no traffic except for a police car one-half block to the west on D Street. He further stated that when he realized that he had been shot, he began running, and ran past the police car without stopping. Appellant admitted that he had known Gregory Reaves and Joseph Johnson for many years.

Appellant went on to tell the grand jury, however, that although he knew Johnson and Reaves, he had not seen them for at least a week before the shooting, that he had never been inside a green Vega with either of them during 1976, and that he did not know whether either even owned a car. Moreover, appellant claimed that he did not know or even see who shot him, that he did know where the shot came from, and that he did not see a green Vega anywhere near him. On the basis of the conflict between this testimony and Officer George's account of the incident, appellant was indicted and convicted of perjury.

## II

■ In order to find a defendant guilty of perjury a jury must be convinced, beyond a reasonable doubt, that the accused testified falsely and that he did not, at the time, believe his testimony to be true.[1] *See, e. g., Young v. United States*, 94 U.S.App.D.C. 54, 58, 212 F.2d 236, 240, *cert. denied*, 347 U.S. 1015, 74 S.Ct. 870, 98 L.Ed. 1137 (1954). Proof of these elements is pursued through the application of what has become known as the "two witness" rule. This rule does not actually require the testimony of two witnesses. Rather, properly stated, the rule is that in prosecutions for perjury "the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused." *Hammer v. United States*, 271 U.S. 620, 626, 46 S.Ct. 603, 604, 70 L.Ed. 1118 (1926). Therefore, the testimony of a single witness if corroborated by other evidence is sufficient.[2] *See Hsu v. United States*, D.C.App., 392 A.2d 972, 981 (1978); *United States v. Haldeman*, 181 U.S.App.D.C. 254, 320 n.185, 559 F.2d 31, 97 n.185 (1976), *cert. denied*, 418 U.S. 955, 94 S.Ct. 3232, 41 L.Ed.2d 1177 (1977); *Young v. United States, supra*, at 59, 212 F.2d at 241; *Maragon v. United States*, 87 U.S.App. D.C. 349, 350, 187 F.2d 79, 80 (1950), *cert. denied*, 341 U.S. 932, 71 S.Ct. 804, 95 L.Ed. 1361 (1951).

---

1. A belief as to the falsity of the testimony is generally inferred from proof of the falsity itself. *Young v. United States*, 94 U.S.App.D.C. 54, 59, 212 F.2d 236, 241, *cert. denied*, 347 U.S. 1015, 74 S.Ct. 870, 98 L.Ed. 1137 (1954). This aspect of the requisite proof is not at issue in this case.

2. Indeed, the testimony of at least one witness is unnecessary; circumstantial evidence alone may suffice in certain cases. *See, e. g., Doto v. United States*, 96 U.S.App.D.C. 17, 18, 223 F.2d 309, 310, *cert. denied*, 350 U.S. 847, 76 S.Ct. 59, 100 L.Ed. 754 (1955); *Maragon v. United States*, 87 U.S.App.D.C. 349, 350, 187 F.2d 79, 80 (1950), *cert. denied*, 341 U.S. 932, 71 S.Ct. 804, 95 L.Ed. 1361 (1951).

Appellant maintains that the trial testimony of Officer George was insufficient to controvert his own grand jury testimony. Specifically, appellant contends that Officer George never directly contradicted him, but instead merely raised the circumstantial inference that if the man he observed was appellant, he must have seen who shot him.[3] This challenge to the officer's testimony is without merit.

■ As noted, circumstantial evidence may be used as the sole evidence against a defendant in a perjury case. It also may be used as corroborative evidence. *See, e. g., Hammer v. United States, supra,* 271 U.S. at 627, 46 S.Ct. 603; *United States v. Haldeman, supra,* 181 U.S.App.D.C. at 322, 559 F.2d at 99. Moreover, some cases are particularly susceptible to the use of circumstantial evidence. This is such a case. As was stated in *United States v. Beach,* 296 F.2d 153, 155 (4th Cir. 1961):

> Obviously where the perjury relates to the accused's state of mind, such as what he knew or saw or heard, proof can only be made by proof of facts from which the jury will infer that the accused *must* have known or seen or heard what he had denied knowing or seeing or hearing.

*Accord, United States v. Swainson,* 548 F.2d 657, 662 (6th Cir.), *cert. denied,* 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977); *United States v. Sweig,* 441 F.2d 114, 117 (2d Cir.), *cert. denied,* 403 U.S. 932, 91 S.Ct. 2256, 29 L.Ed.2d 711 (1971). *See United States v. Chapin,* 169 U.S.App.D.C. 303, 309–10, 515 F.2d 1274, 1280–81, *cert. denied,* 423 U.S. 1015, 96 S.Ct. 449, 46 L.Ed.2d 387 (1975); *Behrle v. United States,* 69 U.S. App.D.C. 304, 305–06, 100 F.2d 714, 715–16 (1938). Officer George's testimony fit directly into this mold; thus it was proper and did not violate the "two witness" rule.

■ Similarly, appellant maintains that the corroboration of George's testimony was materially lacking.[4] The test for the sufficiency of corroborating evidence was articulated in *Weiler v. United States,* 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945), in which the Court stated:

> Two elements must enter into a determination that corroborative evidence is sufficient: (1) that the evidence, if true, substantiates the testimony of a single witness who has sworn to the falsity of the alleged perjurious statement; (2) that the corroborative evidence is trustworthy. To resolve this latter question is to determine the credibility of the corroborative testimony, a function which belongs exclusively to the jury. [323 U.S. at 610, 65 S.Ct. 548 (footnote omitted), *quoted in Buckner v. United States,* 81 U.S.App. D.C. 38, 39, 154 F.2d 317, 318 (1946).]

The first aspect of this analytical scheme was phrased somewhat differently in *Weinheimer v. United States,* 109 U.S.App.D.C. 24, 26, 283 F.2d 510, 512 (1960), where the court stated that "circumstantial evidence is sufficient when it tends to support the witness directly and in important respects." That elaborated upon the requirement that the corroboration "substantiate" the other evidence.

■ Applying this test in light of our determination that this case is particularly well-suited to circumstantial proof, *see United States v. Beach, supra,* we are convinced that the corroboration was sufficient. Appellant's own testimony indicates that he was shot in the same part of the body, at the same location, and at the same time as the man observed by Officer George. Moreover, appellant admitted that, like that man, after he was wounded he ran past the patrol car. Furthermore, the other officers' testimony tended to indi-

---

3. Officer George was unable to identify appellant as the man who ran by his patrol car.

4. This corroboration consisted of (1) the testimony of the police officers who found the weapon and the cartridge casing, analyzed the weapon and casing, and served the grand jury subpoena, as well as (2) appellant's own statements made before the grand jury. Appellant

asserts that it was improper to use his own statements as corroboration. He did not, however, object to their introduction, and their use does not fall within the ambit of the plain error rule. Thus, they could be used substantively. *See Watts v. United States,* D.C.App., 362 A.2d 706, 709 (1976) (en banc); *United States v. Gebhard,* 422 F.2d 281, 289 (9th Cir. 1970).

cate that the weapon that was found in the path of flight of the green Vega had likely been fired from inside the Vega in the direction suggested by Officer George. Faced with this evidence and the testimony of Officer George, the jury permissibly could find that there was no reasonable doubt as to appellant's guilt. Accordingly, the trial court did not err in denying the motion for a judgment of acquittal.[5]

*Affirmed.*

5. We also have examined the other issue raised by appellant and find it to be without merit.