Willie S. DOBSON, Plaintiff,

v.

D. R. CAMDEN, et al., Defendants.

Civ. A. No. H–77–1076.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 12, 1980.

Lovell W. Aldrich, Houston, Tex., for plaintiff.

D. Reid Walker, Lohmann, Glazer & Irwin, David Lee Crawford, Legal Dept., City of Houston, Marc A. Sheiness, Hicks, Hirsch, Glover & Robinson, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

The City of Houston, a defendant in several cases pending before this Court, has filed a Motion to Recuse in the following lawsuits: *Willie S. Dobson v. D. R. Camden,* Civil Action No. H–77–1076; *Star Anderson Renaudin v. City of Houston,* Civil Action No. H–78–876; *Demas Benoit, Jr. v. R. E. Knight,* Civil Action No. H–77–512; *Raymond Wayne Hill v. City of Houston,* Civil Action No. H–80–1916; and *Sandra Radinsky v. Walter Steward,* Civil Action No. 78–562. The motions to recuse are identical in each of these cases and each motion references the brief filed by the City in the *Dobson* case. Consequently, the Court will address each motion in a similar fashion. For the following reasons, the Court GRANTS the City of Houston's Motion to Recuse.

The City of Houston's argument for recusal is premised upon the filing of a lawsuit by a present and former law clerk of Judge McDonald in which the City is named as a defendant. *Charles K. Barber and Arthur H. Bryant v. Xenon, Inc., et al.,* Civil Action No. H-79-2329. (S.D.Tex., Nov. 13, 1979). That suit, initially filed while both plaintiffs were in the employ of Judge McDonald and now pending before another judge in the Southern District of Texas, asserted liability against the City under 42 U.S.C. § 1983, in connection with a charge of racial and sex discrimination against a Houston discotheque at which a Houston police officer was employed. The cases which are the

subject of the City's Motion to Recuse also include a § 1983 allegation against Houston, although the factual allegations in these suits vary widely.

The City disclaims any challenge to the personal integrity or character of the Court or its personnel. It maintains, however, that a strong appearance of partiality is presented by a judge's consideration of cases against the City of Houston under § 1983 where her law clerks have filed a suit against the same party pursuant to the very same statute. The opportunity for a law clerk to influence the judge for whom he works is particularly prevalent in these types of suits, argues the City, since any decision by the Court would require an interpretation of the recent Supreme Court decision of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). That case, which held generally that a municipality may be liable where a policy, decision, custom or practice causes an employee to violate another's constitutional rights, represents a relatively recent development in the law, according to the City, and is the focus of a continuing process of judicial interpretation by district and appellate courts.

■ The City's position is that Judge McDonald is required to disqualify herself pursuant to 28 U.S.C. § 455(a). Section 455(a) provides as follows:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The standard to be applied in interpreting § 455(a) is the "reasonable factual basis – reasonable man" standard, i. e., whether a reasonable person knowing all the circumstances would be led to the conclusion that the judge's impartiality might reasonably be questioned. *Fredonia Broadcasting Corporation, Inc. v. RCA Corporation*, 569 F.2d 251, 257 (5th Cir. 1978); and *Smith v. Pepsico, Inc.*, 434 F.Supp. 524, 525 (S.D.Fla.1977). This standard is broad enough to require recusal not only where partiality is in fact present, but also where only the appearance of partiality is present. *Pepsico, supra.*

■ Upon reviewing the cases cited by the City in support of its motion, this Court is unpersuaded that Judge McDonald is *required* to disqualify herself in the instant cases. The Court is well aware of the important role that law clerks play in performing a broad range of functions in the successful handling of crowded court dockets. *See Fredonia Broadcasting Corporation, supra* at 255, 256. However, as the United States Court of Appeals for the Fifth Circuit recently stated, "[c]learly a law clerk's views cannot be attributed to the judge for whom the clerk works." *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958 (5th Cir. 1980). The Court emphasizes that in any judicial proceeding that comes before this Court, it is the judge--not her law clerks--who presides over and bears the ultimate responsibility for deciding all cases.

The cases relied upon by the City which apply Section 455(a) in situations involving a judge's present or former law clerk are inapposite to the instant case. In *Fredonia Broadcasting Corp., supra*, a trial judge was required to disqualify himself in a case in which counsel for one of the parties included a lawyer who had served as a law clerk for the presiding judge during a prior trial of the same case. On the other hand, recusal was not ordered in *Pepsico, supra*, where an attorney merely appeared before the judge for whom he previously clerked some two years after he had left his employ. The attorney in that case had not had any previous exposure as a law clerk to the case in which he appeared as counsel. These factual situations bear little resemblance to the case at bar.

More importantly, however, events subsequent to the filing of this lawsuit have, in all likelihood, eviscerated whatever force the City's arguments might once have had. The City is no longer a defendant in the *Barber* lawsuit; it was dismissed by the plaintiffs in that suit almost eleven (11) months after it was filed. Moreover, one of the plaintiffs is no longer in the employ of Judge McDonald and thus it would be possi-

ble to isolate any "undue influence" of the remaining law clerk and prevent him from assuming any role in the disposition of these cases. The combination of these factors, it could be argued, would effectively remove whatever appearance of partiality which might have existed.*

However, after considerable reflection this Court is persuaded that while the letter of the law might be served by denying the City's motions, the spirit of justice would not. The Supreme Court has repeatedly stated that "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11 (1954). *See also in re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955); and *Tumey v. Ohio*, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749 (1927). Similarly, the Fifth Circuit has often expressed its concern with the "purity of the judicial process and its institutions." *Fredonia, supra* at 256, citing *Kinnear–Weed Corporation v. Humble Oil & Refining Company*, 403 F.2d 437, 439–40 (5th Cir. 1968). In light of these concerns, the Court deems it advisable in the instant cases to, in effect, "bend over backwards" to eliminate any possible taint on the judicial process. The Court takes this step in order to avoid even the suggestion of an appearance of partiality. This decision should not be misconstrued in any future case as a willingness on the part of the Court to avoid its sworn duty to preside over any case presented to it. In the instant case, however, upon weighing the various interests at stake the Court finds that the scales tip slightly in favor of avoiding any blemish on the impartiality of the federal bench.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant City of Houston's Motion to Recuse is GRANTED.

---

* In its motion, the City notes that because of its then correct belief that Mr. Barber and Mr. Bryant are the sole law clerks working for Judge McDonald, the logical solution to remove the "taint of impropriety" would be to transfer these cases. *See, Motion for City of Houston,* at 9. Since the plaintiffs in the *Barber* case are no longer Judge McDonald's sole law clerks, the premise underlying the City's conclusion no longer exists. Judge McDonald has hired a new law clerk since the filing of the *Barber* lawsuit who has had nothing to do with that case. That law clerk is unaffected by the alleged taint and could properly perform all of the law clerk's functions, exclusive of any aid from the remaining plaintiff–law clerk, on the disputed cases.