**Leroy JENKINS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–1522.**

District of Columbia Court of Appeals.
Submitted Oct. 1, 1985.
Decided Nov. 27, 1985.

Elise Haldane, Washington, D.C., was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Thomas J. Tourish, Jr., Robert L. Bredhoff, and Debra N. Diener, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEWMAN, FERREN and TERRY, Associate Judges.

NEWMAN, Associate Judge:

Leroy Jenkins was convicted of subornation of perjury, D.C.Code § 22-2512 (1985 Supp.). He contends, among other things, that the evidence was insufficient to sustain his conviction. We affirm.

## I

On April 8, 1983, Benjamin Silverman was robbed of $50,000 at gunpoint by three men. Eleven days later, Silverman made a photo identification of Leroy Jenkins as the man who held the gun during the robbery. Jenkins was arrested for armed robbery but this charge was dropped after Silverman failed to identify Jenkins in a lineup. On April 15, Jenkins, Jacqueline Newby (his sister), and George Parker went to Adelphi, Maryland, to buy a car. Newby purchased a used Cadillac for $4900 cash. That same day, title was transferred to Newby and she registered the car in her name. Jenkins then drove the car to his home and kept it there.

On May 8, 1983, Jenkins was arrested again and charged with the armed robbery of Silverman. In early June, Jacqueline Newby was subpoenaed to appear before a grand jury. Before her first appearance, Newby discussed the subpoena with Jenkins. Newby testified before the grand jury on June 8, 1983. She claimed that she bought the Cadillac with her own money. She testified that she had saved part and won the rest in a lottery. During her second appearance before the grand jury on June 21, Newby repeated this testimony.

During a break in the June 21 grand jury proceeding, Newby met with Assistant United States Attorney Kenneth Cowgill. Newby was offered immunity from prosecution for perjury in exchange for truthful testimony during the afternoon grand jury session and at future proceedings. Later that day, Cowgill gave her a letter of immunity. At the afternoon grand jury session and at trial, Newby testified that her brother, Jenkins, gave her the money for the Cadillac. She further testified that before her first grand jury appearance, Jenkins told her to say that the money was hers and she had saved it.

Jenkins was tried by a jury for armed robbery and subornation of perjury. At trial, Newby testified that Jenkins told her to tell the grand jury that the money used to purchase the car was hers, not his. She further testified that her grand jury testimony on June 8 and the morning of June 21 was false. Valerie Bryant, Jenkins' mother, testified that the Cadillac was "considered Leroy's car" and that he paid for it. George Parker, who went with Newby and Jenkins to buy the car, also testified that Jenkins paid for the car. Jenkins was convicted of subornation of perjury and acquitted of armed robbery.

## II

██ At the outset we must decide whether the "two-witness" rule, which must be satisfied in order to prove perjury, also applies to subornation of perjury. This is an issue of first impression in the District of Columbia.

It is a long-standing rule that "the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused." *Hammer v. United States,* 271 U.S. 620, 626, 46 S.Ct. 603, 604,

70 L.Ed. 1118 (1926), *quoted with approval in Boney v. United States*, 396 A.2d 984, 986 (D.C.1979). Two witnesses, or one witness and corroborating evidence, are needed to prove perjury. *Hsu v. United States*, 392 A.2d 972, 980–81 (D.C.1978).

Virtually all other jurisdictions have held that the two-witness rule also applies to the subornation of perjury. The subornation itself, i.e., the wilful procurance of another to commit perjury, may be proved by one person's testimony, but the perjury must still be proved by two witnesses, or one witness with corroborating evidence. *E.g., Hammer v. United States, supra,* 271 U.S. at 628–29, 46 S.Ct. at 604–05; *Boney v. United States, supra,* 396 A.2d at 986; *United States v. Gross,* 511 F.2d 910, 915 (3rd Cir.1975); *Stein v. United States,* 337 F.2d 14, 18–20 (9th Cir.1964), *cert. denied,* 380 U.S. 907, 85 S.Ct. 889, 13 L.Ed.2d 795 (1965).

We see no reason why the same rule should not apply to subornation, and we adopt it here. In both perjury and subornation of perjury, perjury must be proved. Jenkins cannot be guilty of subornation unless Newby committed perjury before the grand jury and "the evidence must be sufficient to establish beyond a reasonable doubt the falsity of [her] ... oath alleged as perjury." *Hammer v. United States, supra,* 271 U.S. at 628, 46 S.Ct. at 604. In *Weiler v. United States,* 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945), the Supreme Court articulated the test for the sufficiency of corroborating evidence:

> Two elements must enter into a determination that corroborative evidence is sufficient: (1) that the evidence, if true, substantiates the testimony of a single witness who has sworn to the falsity of the alleged perjurious statement; (2) that the corroborative evidence is trustworthy. To resolve this latter question is to determine the credibility of the corroborative testimony, a function which belongs exclusively to the jury.

*Id.* at 610, 65 S.Ct. at 550, *quoted in Boney v. United States,* 396 A.2d 984, 987 (D.C. 1979).

Applying this rule to the present case, we find that the *Hammer-Boney* rule was satisfied. Newby testified that she lied on June 8, 1983, and the morning of June 21, 1983. Her testimony was corroborated by Jenkins' mother, Valerie Bryant, and his friend, George Parker. Bryant testified that the Cadillac was "considered Leroy's car" and that he paid for it. George Parker, who was present at the time of the purchase, also testified that Jenkins paid for it.*

*Affirmed.*

---

\* Jenkins claims that the Letter of Immunity is hearsay and was erroneously admitted into evidence. He argues that the letter was prejudicial because it could have led the jury to believe that Newby's initial testimony before the grand jury was false.

Courts have consistently held that letters of immunity are admissible to refute any suggestion that the government has told a witness what to say in exchange for immunity. *See United States v. Rubier,* 651 F.2d 628 (9th Cir.), *cert. denied,* 454 U.S. 875, 102 S.Ct. 351, 70 L.Ed.2d 183 (1981); *accord United States v. Koss,* 506 F.2d 1103, 1112–13 (2d Cir.1974), *cert. denied,* 420 U.S. 977, 95 S.Ct. 1402, 43 L.Ed.2d 657 (1975); *cf. United States v. Henderson,* 717 F.2d 135 (4th Cir.1983), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 238 (1984). The defense's cross-examination of Newby raised an inference that the Assistant U.S. Attorney Cowgill first threatened Newby with prosecution for perjury then told her she had to testify that her brother told her to lie before the grand jury in order to avoid prosecution. The letter was admissible to refute this suggestion. Counsel for Jenkins did not object.

Jenkins also claims that the government's leading questions to Newby deprived him of a fair trial. While it is a general rule that leading questions should not be used on direct examination except when needed to develop testimony, "a hostile witness, an adverse party, or a witness identified with an adverse party may be interrogated by a leading question." 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE, § 415 at 531–32 (1982). Since Newby is Jenkins' sister, she could be considered a party identified with an adverse party. The trial court did not abuse its discretion by allowing these questions.