PER CURIAM.
 

 The Federal Communications Commission has petitioned this Court for a writ of mandamus to the United States Bankrupt
 
 *138
 
 cy Court for the Southern District of New York (Adlai S. Hardin, Jr., B.J.), arguing that the mandate of this Court — previously issued in the present appeal — has been violated by the bankruptcy court on remand in the bankruptcy proceeding filed by debtors NextWave Personal Communications Inc., NextWave Partners Inc., NextWave Power Partners Inc., NextWave Wireless Inc., and NextWave Tele-com Inc. (collectively, “NextWave”).
 

 This Court
 
 sua sponte
 
 directs that the firm of Gibson, Dunn & Crutcher LLP, which first appeared in this appeal as counsel on NextWave’s petition for rehearing of our prior decision and whose appearance caused the recusal of one of the judges who signed the Court’s opinion, withdraw its appearance in this matter. NextWave may re-submit its papers within four business days of this order, by Andrews & Kurth LLP (which represented NextWave on the appeal and co-signed the rehearing petition) or any eligible lawyer of NextWave’s choosing.
 

 NextWave’s retention of Gibson, Dunn has called into question the ability of one member of the panel, who was a partner in that firm prior to his appointment to this Court in August 1998, to continue to serve on this appeal (and matters collateral to it) in light of Canon 3C(1) of the Code of Conduct for United States Judges. This is a circumstance that was or should have been known to that firm at the time of its retention.
 

 The events that bear on this ruling are as follows. On August 9, 1999, the Federal Communications Commission (“FCC”) filed a notice of appeal in this Court from an order of the United States District Court for the Southern District of New York (Brieant,
 
 J.)
 
 affirming five rulings of the bankruptcy court. Appellee Nex-tWave appeared by the firm of Andrews & Kurth LLP. That firm, which had represented NextWave in the proceedings before the bankruptcy and district courts, signed NextWave’s brief and argued its appeal. On December 22, 1999, this Court issued an opinion stating its reasons for reversing the district court’s order and remanding for further proceedings in the bankruptcy court. The panel that issued that ruling consisted of Judges McLaughlin, Jacobs and Sack.
 

 On Monday, January 24, 2000, the FCC moved in this Court for a stay of proceedings then ongoing in the bankruptcy court, as well as for leave to file a petition for mandamus in anticipation of rulings that might be inconsistent with the mandate of this Court and that might as a practical matter be irreparable under ordinary procedural rules. On that same day, this Court (1) stayed confirmation of any reorganization plan, (2) denied the petition for a stay in all other respects, and (3) granted the FCC leave to file a petition for a writ of mandamus, if any, only upon a decision by the bankruptcy court and appellate review by the district court. The Court’s order provided, however, that “[a]ny party may seek modification of this order for good cause at any time.”
 

 According to a retention application filed with the clerk of the bankruptcy court (of which we take judicial notice) NextWave applied to the bankruptcy court on Thursday, January 27, 2000, to employ Gibson, Dunn as “Special Appellate Counsel.”
 
 See
 
 Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure Authorizing the Employment of Gibson, Dunn
 
 &
 
 Crutcher LLP as Special Appellate Counsel
 
 Nunc Pro Tunc
 
 to January 10, 2000, at 2, 8,
 
 In re NextWave Personal Communications, Inc.
 
 (Bankr.S.D.N.Y.2000) (No. 98 B 21529(ASH)). Gibson, Dunn’s retention application noted that the firm was “working on pressing Second Circuit issues,” “including the possibility of rehearing.”
 
 Id.
 
 at 3. On February 7, 2000, the bankruptcy court authorized Gibson, Dunn’s employment as Special Appellate Counsel; the authorization was granted
 
 nunc pro tunc
 
 to January 10, 2000, the date on
 
 *139
 
 which it appears the Gibson, Dunn firm began work in this appeal.
 

 On February 4, 2000, NextWave filed a petition for rehearing by this panel. On that petition, NextWave listed as counsel the Gibson, Dunn firm, by Theodore B. Olson, a partner of that firm, together with Andrews & Kurth. Four days later, the FCC filed a motion to modify the Order issued by the panel on January 24, 2000, so as to grant the FCC leave to file a petition for a writ of mandamus. Filings by Nex-tWave in opposition to the petition have listed two additional Gibson, Dunn partners (Douglas R. Cox and Thomas G. Hun-gar) as counsel to NextWave.
 

 It cannot have escaped the notice of the Gibson, Dunn firm and its several partners that one of the members of this Court’s panel, Judge Robert Sack, was a member of that firm from 1986 until 1998. It was therefore obvious that Gibson, Dunn’s appearance, if accepted by this Court, would draw into question Judge Sack’s ability or willingness to remain on the panel, regardless of whether counsel focused on the relevant texts, which are Canon 3C(1) of the Code of Conduct for United States Judges and Advisory Opinion No. 24 of the Committee on Codes of Conduct.
 

 In any event, this Court issued an order granting the government’s motion for leave to file a mandamus petition, established a briefing schedule in case such a petition was filed, and enjoined certain proceedings in the bankruptcy court in order to protect our jurisdiction to decide the petition. Because the government’s motion identified Gibson, Dunn as opposing counsel and because Gibson, Dunn appeared in opposition to the government’s motion, Judge Sack did not participate in the issuance of that Order, which was decided by the two remaining members of the panel.
 
 [1]
 
 Briefs, appendices and other filings bearing upon the petition for mandamus have been received.
 

 He H* * H* H* H*
 

 Now, upon further consideration, this Court concludes that the circumstances warrant our rejection of the appearance as counsel by the Gibson, Dunn firm.
 

 Gibson, Dunn first appeared after the panel was known, indeed after an opinion had been issued. When Gibson, Dunn appeared, it was apparent to all parties and this Court that circumstances might arise in which this case would return to the originally assigned panel. Gibson, Dunn’s retention application in the bankruptcy court expressly stated that its responsibilities as counsel would include, if necessary, “preparing a petition for rehearing” by the panel that heard the original appeal. Retention Application at 3.
 

 Once the members of a panel assigned to hear an appeal become known or knowable, counsel thereafter retained to appear in that matter should consider whether appearing might cause the recusal of a member of the panel. We make no finding as to good faith or intent by the estimable lawyers of Gibson, Dunn. It is clear, however, that tactical abuse becomes possible if a lawyer’s appearance can influence the recusal of a judge known to be on a panel. Litigants might retain new counsel for rehearing for the very purpose of disqualifying a judge who ruled against them. As between a judge already assigned-to a panel, and a lawyer who thereafter appears in circumstances where the appearance might cause an assigned judge to be recused, the lawyer will go and the judge will stay. This practice preserves the neutral and random assignment of judges to cases, and it implements “the inherent power of this Court to manage and control its docket.”
 
 Johnson v. Morgenthau,
 
 160 F.3d 897, 899 (2d Cir.1998)
 
 *140
 
 (per curiam). So the failure of counsel to consider in advance the known or knowable risk of a judge’s recusal may result in the rejection of the appearance by that lawyer or firm.
 

 We appreciate that there are circumstances in which a lawyer may unwittingly provoke a judge’s recusal and that the application of this rule may therefore inflict hardship in some cases. But we announce this rule in a case in which there could be no unjust hardship. The lawyer who argued the appeal remains. We assume that lawyers know who their partners are and have been. And we expect that lawyers will take pains to avoid appearing in any case in which their appearance may cause disqualification of a judge assigned to the case.
 

 This opinion was circulated before filing to the other members of the Court.
 

 [1]
 

 . On March 2, 2000, a motion was made by Global Crossing Ltd. and Liberty Media Corporation for leave to file a brief
 
 amicus curiae
 
 in support of NextWave's position. The motion, which has yet to be adjudicated, was filed by Simpson Thacher & Bartlett. A second member of the panel is a former partner of that firm; and a current partner of that firm is the son of the third member of this panel.