**Dennis GHEE, Petitioner,**

v.

**Christopher ARTUZ, Superintendent, Greenhaven Correctional Facility, Respondent.**

No. 97–CV–2191(FB).

United States District Court, E.D. New York.

Oct. 7, 2003.

Helene Landau, Esq., Heller, Ehrman, White & McAuliffe, New York City, for Petitioner.

Charles J. Hynes, Esq., District Attorney, Kings County by Ann Bordley, Esq., Assistant District Attorney, Brooklyn, NY, for Respondent.

### *MEMORANDUM & ORDER*

BLOCK, District Judge.

Respondent Christopher Artuz ("Artuz") has moved to disqualify petitioner Dennis Ghee's ("Ghee") Court-appointed counsel, Helene Landau, Esq. ("Landau") based on her having recently served as the Court's law clerk. The motion is denied; however, the Court adopts a prospective rule that it will disqualify former law clerks from appearing before it for one year after they have completed their clerkship.

### I.

The procedural and factual posture of the underlying litigation is largely irrelevant to the resolution of the motion. In short, Ghee is seeking a writ of *habeas corpus* under 28 U.S.C. § 2254 for relief

from his New York state court conviction for murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree. Ghee's *habeas* petition was initially assigned to Judge Raggi. Upon Judge Raggi's elevation to the Second Circuit, the case was reassigned to this Court on December 17, 2002. Landau was no longer a law clerk at that time, having returned to private practice in August of that year. The Court appointed Landau as *pro bono* counsel in May of 2003; Artuz moved to disqualify her in June, ten months after Landau had completed her clerkship. Artuz has not alleged an actual impropriety; rather, he argues that the Court's appointment of Landau approximately nine months after the completion of her clerkship creates the appearance of impropriety.

## II.

Neither the Second Circuit nor the Eastern District of New York has established a rule regarding when a former law clerk may appear before the judge for whom he or she clerked. The United States Supreme Court prohibits its former law clerks from appearing before it for two years; the First and the Eighth Circuits prohibit former Court of Appeals clerks from appearing before them for one year. Sup.Ct. R. 7; 1st Cir. R. 46(e); 8th Cir. R. 47(g). Similar rules exist for at least a couple of federal districts as well. *Smith v. Pepsico, Inc.*, 434 F.Supp. 524 (S.D.Fla. 1977) (prevailing custom in Southern District of Florida is a one-year disqualification period); *Bumpus v. Uniroyal Tire Co. Division of Uniroyal, Inc.*, 385 F.Supp. 711, 714 (E.D.Pa.1974) (Eastern District of Pennsylvania follows a two-year disqualification period).

■ "Only in rare cases is disqualification for the mere appearance of impropriety desirable." *Blue Cross and Blue Shield of New Jersey v. Philip Morris, Inc.*, 53 F.Supp.2d 338, 346 (E.D.N.Y.1999). The test for disqualification is "whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." Code of Conduct for United States Judges, Cannon 2(A) Commentary.

The Court is aware of only one case within this circuit of a recusal by reason of the status of a lawyer as a former law clerk. That case, *United States v. Ferguson*, 550 F.Supp. 1256 (S.D.N.Y.1982), is markedly different from the present case. The issue in *Ferguson* was whether the judge could evaluate the credibility of sworn grand jury testimony by a former law clerk without the appearance of impropriety. While finding that he could not, and thus recusing himself, Judge Weinfeld noted that the "situation is quite unlike the prior motion to disqualify because a former law clerk had been assigned to prosecute the case." *Id.*, at 1260.

Subsequent to the decision in *Ferguson*, the Second Circuit has held that when an attorney or law firm's relationship with an assigned judge provides grounds for disqualification, and when the lawyer's first appearance is subsequent to the judge's assignment, "the lawyer will go and the judge will stay." *In re F.C.C.*, 208 F.3d 137, 139 (2d Cir.2000).[1] This in no way alters the disqualification analysis, and the Court has accordingly looked to cases involving judicial recusal as well as attorney disqualification.

---

**1.** The disqualification issue in *F.C.C.* arose when the former law firm of a member of the

Second Circuit panel sought to appear in the case.

Prior to adopting a one-year rule for itself, the Eighth Circuit in *United States v. Hollister*, 746 F.2d 420 (8th Cir.1984), reviewed a district judge's refusal to recuse himself from a case in which the prosecutor had finished her clerkship with the judge three months earlier. While the appellate court recommended that district courts follow a one-year recusal period, it refused to find reversible error in the district court's denial of the recusal motion. In *Patzner v. Burkett*, 779 F.2d 1363 (8th Cir.1985), that same court, while noting that it had adopted a one year disqualification rule for itself, declined to establish such a "bright line" rule for the district courts, leaving the matter to each district judge's discretion.

In applying these scant precedents to the present case, the Court has decided to establish for itself a prospective rule disqualifying law clerks from appearing before it for a period of one year. However, the Court finds that, under the present circumstances, it is not necessary to disqualify Landau in order to avoid the appearance of impropriety. Although Landau was appointed by the Court in May of this year, she has yet to submit her brief because of the pending motion. More than a year has now elapsed since the conclusion of Landau's clerkship, and clearly more time will pass before the case is fully submitted to the Court for resolution.

It is well-established that *habeas corpus* law, especially after the 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), is procedurally complex, making it a particularly difficult area of the law for *pro se* litigants. *See, e.g., Gitten v. United States*, 311 F.3d 529, 533 (2d Cir.2002) ("Understanding the new AEDPA procedures is difficult enough for judges and lawyers, and *pro se* prisoners cannot be expected to have all the complexities of these procedures in mind.") The legal filings of a *pro se* prisoner are thus frequently of little help to a court in evaluating a *habeas* petition. Because the issues raised in *habeas* petitions tend to be both highly technical and strictly legal in nature, it has been the Court's experience that former law clerks are particularly well-suited to the difficult task of researching and briefing such petitions. Such *pro bono* service stands among the highest traditions of the bar, and should not be perceived, in the absence of extraordinary circumstances, as ever creating an appearance of impropriety.

Obviously, the Court will discharge its oath of office and decide the case strictly on the merits. Although the Court does not believe that in the circumstances of this case there is any appearance of impropriety in Landau's *pro bono* assignment, it nonetheless expresses its gratitude to respondent's counsel for bringing this matter to the Court's attention, which has precipitated the adoption of its prospective disqualification rule.

## CONCLUSION

Respondent's motion is denied. The Court has by separate order this date set a new briefing schedule.

**SO ORDERED.**