11-5279-bk
In re Old CarCo LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT: CHESTER J. STRAUB,
         ROBERT D. SACK,
         DENNY CHIN,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

IN RE: OLD CARCO LLC,
                    Debtor.

- - - - - - - - - - - - - - - - - - - -x

LIQUIDATION TRUST,
                    Appellant,

              -v.-                    11-5279-bk

DAIMLER AG,
                    Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:        STEPHEN D. SUSMAN (Suyash Agrawal, Susman Godfrey LLP, New York, New York, Edgar Sargent, Susman Godfrey LLP, Seattle, Washington, Sander L. Esserman, Robert T. Brousseau, Peter C. D'Apice, Stutzman, Bromberg, Esserman & Plifka, P.C., Dallas, Texas, on the brief), Susman Godfrey LLP, New York, New York.

FOR APPELLEE:                    ALAN S. GOUDISS (Jaculin Aaron,
                                 Paula H. Anderson, Shearman &
                                 Sterling, LLP, New York, New York,
                                 Jonathan D. Schiller, Boies,
                                 Schiller & Flexner LLP, New York,
                                 New York, on the brief), Shearman &
                                 Sterling, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Cote, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Liquidation Trust (the "Trust") appeals from the district court's judgment entered pursuant to its opinion and order filed November 22, 2011, affirming the bankruptcy court's dismissal of the Trust's second amended complaint (the "SAC"). By opinion entered May 12, 2011, the bankruptcy court (Gonzalez, C. Bankr. J.) granted appellee Daimler AG's motion to dismiss the SAC, which had asserted claims of fraudulent conveyance and unjust enrichment pursuant to §§ 544, 548, and 550 of the Bankruptcy Code, and §§ 273-75 of the New York Debtor and Creditor Law. The bankruptcy court entered a final order of dismissal on May 17, 2011. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of a district court's decision on appeal from a bankruptcy court decision is "independent and plenary." In re Ades & Berg Grp. Investors, 550 F.3d 240, 243 n.4 (2d Cir. 2008) (per curiam) (citation omitted). We review the bankruptcy

-2-

court's factual findings for clear error and its legal conclusions de novo. Id. (citation omitted).

Under the Bankruptcy Code, "a transfer or obligation is or is deemed to be a fraudulent conveyance -- and therefore avoidable -- if the debtor received less than a reasonably equivalent value in exchange for such a transfer or obligation." In re NextWave Pers. Commc'ns, Inc., 200 F.3d 43, 56 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted). "[T]he question of reasonably equivalent value is determined by the value of the consideration exchanged between the parties at the time of the conveyance or incurrence of debt which is challenged." Id. (emphasis, internal quotation marks, and citations omitted). In determining whether the value received by one party is so disproportionately small as to constitute a lack of fair consideration, the "court need not strive for mathematical precision" but must "keep the equitable purposes of the statute firmly in mind, recognizing that any significant disparity between the value received and the obligation assumed . . . will have significantly harmed the innocent creditors of that [party]." Rubin v. Mfrs. Hanover Trust Co., 661 F.2d 979, 994 (2d Cir. 1981) (discussing § 67(d) of the Bankruptcy Act of 1898, predecessor to § 548 of the Bankruptcy Code).

While the determination of whether reasonably equivalent value was exchanged is ordinarily a factual matter, Klein v. Tabatchnick, 610 F.2d 1043, 1047 (2d Cir. 1979), here, substantially for the reasons set forth by the bankruptcy court

and the district court in their thorough and carefully considered opinions, we conclude as a matter of law that the Trust failed to plausibly allege that the debtor (CarCo) received less than reasonably equivalent value.[1]  We add only the following:

As both the bankruptcy court and district court concluded, the SAC failed to sufficiently allege that CarCo received less than reasonably equivalent value because the Trust continued to apply implausible values to certain assets and to omit other key assets.

First, the Trust alleged that Motors -- which Daimler AG valued at $5.5 billion -- was worth only $450 million.  We agree with the district court that it is implausible that CarCo would terminate a key sales and distribution agreement with Motors six months after the transaction -- as the Trust alleged -- when CarCo owed an $11.6 billion debt to Motors.  In reaching this conclusion, we reject the Trust's contention that the courts below improperly relied on matters outside of the pleadings, as the lower courts were permitted to take judicial notice of the $11.6 billion intercompany debt noted in the bankruptcy filings. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of court filings

---

[1]  Although the Trust contends that the consideration gap is between $1.695 billion and $4.715 billion, it has waived any argument that the consideration gap is as much as $4.715 billion. The SAC alleged that the consideration gap is $1.695 billion, and the district court, relying on that allegation, repeatedly referred to a consideration gap of $1.695 billion in its opinion and order.  See Dir. Gen. of India Supply Mission ex rel. President of Union of India v. S.S. Maru, 459 F.2d 1370, 1377 (2d Cir. 1972).

to establish that certain matters have been publicly asserted, not for the truth of the matters asserted therein); <u>see, e.g.</u>, <u>In re F.C.C.</u>, 208 F.3d 137, 138 (2d Cir. 2000) (per curiam).

Second, the Trust's assertion that a $12 billion credit facility had no value is implausible, as "[t]he ability to borrow money has considerable value in the commercial world."  <u>Mellon Bank, N.A. v. Metro Commc'ns, Inc.</u>, 945 F.2d 635, 647 (3d Cir. 1991).

Finally, the Trust omitted certain other assets that clearly had value:  Daimler AG's cash repayment of a $920 million debt, and its conveyance of the National Sales Companies, valued at $47 million.

We have considered all of the Trust's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk